THE AUGUSTA AND SUMMERVILLE RAILROAD COMPANY, plaintiff in error, *vs*. NATHAN W. PEACOCK, administrator, defendant in error.

1. Apprehension of suit by an administrator, when appointed, will not authorize a person to appear as a party in the court of ordinary to resist the grant of letters; especially if the administrator, when appointed, from the facts admitted will have no cause of action against such party.

2. Before one can be heard as a party to the proceeding before the ordinary, he must show that he has an interest in the choice of administrator, either as heir or creditor; some interest on the part of the objector in the assets and their distribution must appear.

Administrators and executors.   Before Judge BARTLETT. Richmond Superior Court.   October term, 1875.

Reported in the opinion.

FRANK H. MILLER, for plaintiff in error.

H. CLAY FOSTER, for defendant.

JACKSON, Judge.

The defendant in error, Peacock, applied for letters of administration on the estate of a child two years old, his nephew, who was killed by the Augusta and Summerville Railroad Company, alleging that the child had personal property in the county of Richmond.   The railroad company objected on the ground that the deceased left no creditors in Georgia, nor any property at all, and that deceased was killed by the road

The Augusta and Summerville Railroad Company *vs.* Peacock.

without negligence; that the entire estate of deceased consisted of a claim for damages for this homicide, and that the administrator would have no cause of action for that.    The case was tried on the appeal, when the applicant demurred to the objections, insisting that the railroad company could not be heard.    The court inquired about the domicil of the child, when it was agreed that the father of the child was a widower, and lived in South Carolina, but the child lived, for the most part, with the grand-mother, in Richmond county, Georgia. The court thereupon ordered that the grant of administration be sustained on the ground that the child was domiciled within the jurisdiction, and the railroad company excepted.

We think that the railroad company had no right to be heard before the ordinary.    If we hold that it might be heard to contest this right of administration because it might, perchance, be sued by the administrator, the effect would be to open the doors of the court of ordinary to every person who suspected he might be charged with being a debtor, and to allow him to contest his debt before that court.    The facts here show that this company has no interest in this estate.    No cause of action exists against it.    If this administrator shall sue the company he will pay the costs for his trouble, and get nothing for his pains.    This applicant alleges that the child has property in the county of Richmond, and was domiciled there when he was killed.    The company had no right to contest these points in the judgment of this court.    In the case cited from Indiana, 26 Indiana, 477, it seems that the action was being prosecuted when the motion was made to revoke the letters. It is not, therefore, exactly this case.    In 32 *Georgia Reports*, 299, the fact that the deceased had, *apparently*, title to a lot of land in the county, was held sufficient for the grant of letters; and no point was made on the right of the party in possession to object, therefore that case does not rule that such an objector can be heard.    In 22 *Georgia Reports*, 358, this court lays stress upon the fact that the object of the grant of letters to a non-resident was to sue his estate, not to enable it to sue anybody else, and therefore affirm the judgment of the

court below refusing the grant of administration.   We are not aware of any case in this state where it has been ruled that a party, apprehensive that he might be sued by an administrator, when appointed, might intervene on account of such apprehension, and be heard before the ordinary on the question of the grant of letters.   We think it best not to open the doors to such intervention.   It might transfer to the ordinary questions of title to land, suits *ex delicto*, like this, and other matters not properly within the jurisdiction of that court. This railroad company must, therefore, bide its time; if sued by the administrator for this cause of action, which we hardly anticipate, its defense will be easy and the result rapid; a demurrer will dispose of the case.

Judgment affirmed.