## WILLIAMS *et al. v.* WILLIAMS *et al.*

LITTLE, J.    In order for one to be heard in a proceeding before the ordinary for the appointment of an administrator of the estate of a deceased person, he must show that he has an interest in the choice of administrator, either as heir or creditor of the deceased. *Augusta R. Co.* v. *Peacock,* 56 *Ga.* 146. A claim to own the property named in the petition for administration is not sufficient; some interest on the part of the objector in the assets and their distribution must appear.      *Judgment affirmed. All the Justices concurring.*

         Submitted June 7, — Decided July 20, 1901.

Application for administration — appeal. Before Judge Brinson. Richmond superior court. October 25, 1900.

To an application for administration, which stated that the person on whose estate administration was sought had died in another State, "leaving real estate" in the county in which the application was made, there was a caveat stating that the caveators "are concerned in the subject-matter" of the application, but not indicating the nature of their interest in the subject-matter, and setting up, among other grounds of objection, that the decedent left no property in this State. When the case, on appeal, came up for hearing, counsel for the caveators, in response to an inquiry by the court, stated that the caveators were neither creditors nor heirs at law of

the decedent, and that their interest in the subject-matter was that the property alleged in the application to be the estate of the decedent, and on which administration was sought, was claimed by the caveators to be their property and not the property of the decedent's estate. Counsel for the applicants did not controvert this statement, but contended that the caveators, being neither heirs nor creditors of the decedent, had no right to caveat the application; and on this ground the court dismissed the caveat. To this judgment the caveators excepted.

*Salem Dutcher*, for plaintiffs in error.
*F. T. & J. B. Lockhart*, contra.