*H. B. Strange* and *D. H. Clark*, for plaintiff.
*A. C. Wright*, for defendants.

---

TOWNER *et al. v.* GRIFFIN.

An application for letters of administration which fails to allege that the applicant is an heir at law of the decedent, or a creditor of the estate, or any other reason which, under the law, would entitle the applicant to the administration, should be dismissed upon motion made on that ground by caveators appearing at the hearing who are heirs at law of the decedent.

Submitted May 1, — Decided July 19, 1902.

Appeal. Before Judge Holden. Glascock superior court. October 17, 1901.

*B. F. Walker*, for plaintiffs in error. *Seaborn Reese*, contra.

COBB, J. Griffin applied for letters of administration de bonis non with the will annexed upon the estate of Towner. Certain persons, describing themselves as heirs at law of Towner, appeared

115 965
Case 2
119 861

115 965
Case 2
120 645

115 965
Case 2
e123 329

115 965
Case 2
128 117

115 965
Case 2
129 682

and moved to dismiss the application, upon the ground that it did not appear therefrom that the applicant was a creditor of the estate, or an heir at law of the testator, or in any way interested in the estate. The court overruled this motion, and the case proceeded to trial upon various grounds of caveat, one of them being that there was no necessity for administration. A judgment was entered in the court of ordinary, appointing one of the caveators administrator upon the estate. The caveators appealed to the superior court, and in that court a motion to dismiss the application was again made, and overruled by the court. Exceptions pendente lite were filed to this ruling. The case proceeded to trial upon the grounds of caveat, and resulted in a verdict finding that there was a necessity for administration, and designating as administrator the caveator who had been appointed by the ordinary. The caveators made a motion for a new trial, which was overruled, and the case is here upon a bill of exceptions assigning error upon the overruling of the motion to dismiss the application, and upon the refusal to grant a new trial.

The code provides that every application made to the ordinary for the granting of any order shall be by petition in writing, stating the ground of such application and the order sought. Civil Code, § 4254. It is also provided that all objections or caveats to an order sought shall be in writing, setting forth the grounds of such caveat. Civil Code, § 4256. It has been held that a caveat to an application for letters of administration should show that the caveator is interested in the estate, either as a creditor of the estate or an heir at law of the decedent. *Williams* v. *Williams*, 113 *Ga.* 1006, and case cited. The reason of this rule is that a mere interloper should not be allowed to interfere where a proper application has been made for letters of administration upon the estate. A person who is not concerned in any way in the question should, of course, not be heard before the court. While there is no ruling to the effect that an application for letters of administration must show that the applicant·is an heir at law or a creditor or for some other reason entitled to the administration, it would seem that the principle at the foundation of the ruling above referred to would apply in such a case. Except in those cases where the law authorizes the county administrator or the clerk of the superior court to be appointed administrator upon an estate, the law does not rec-

ognize the right of any one to be appointed administrator, unless he is an heir at law of the decedent, or a creditor of the estate, or otherwise interested therein as legatee or devisee, or has been selected by a majority of the heirs at law as administrator, or has been associated as coadministrator with one who is entitled to the administration for some one or more of the reasons just referred to. Civil Code, § 3367. No other person than those just referred to is entitled to be appointed administrator; and it would seem that no other person should be allowed to file an application for letters of administration, and thus involve the estate and those interested therein in the expense necessary to determine whether an administration is necessary or to defeat the application of a mere intermeddler. If the heirs and creditors and all other persons interested in the estate are satisfied to allow the same to go unrepresented, it is no concern of one who has no interest whatever in the estate.

In the present case the application does not allege that the applicant has any interest whatever in his own right in the estate, or that he represents, either as next friend or otherwise, any one who is interested in the estate. . He does not show upon the face of his application that he has any right to bring before the court the question as to whether administration should be had upon the estate. The section of the code which requires that every application made to the ordinary must state " the ground of such application," when applied to a petition for letters of administration, means that the applicant must show in his application that he has such an interest in the estate, either in his own right or as the representative of some other person, as would authorize him to bring the estate before the court in order that it might determine whether there should be representation thereon. See, in this connection, 1 Woer. Am. Law Ad. (2d ed.) § 261, *562. It is said, though, that this court has held in *Beale* v. *Hall*, 22 *Ga.* 431, that "the pleadings need not aver the grounds upon which an administrator is entitled to the letters, even if the letters express them." It will be found upon an examination of that case that the question now under consideration was not involved. That was an action of trover brought by an administrator, and it was simply held that the pleadings in the trover case need not contain any averment of the grounds upon which the administrator was entitled to the administration. Nor is there anything in the case of *De-*

*Lorme* v. *Pease*, 19 *Ga.* 220, in conflict with the ruling now made. That was an action of ejectment brought by an administrator, and when he offered in evidence the judgment of the court of ordinary appointing him, thus showing his authority to sue, it appeared therefrom that he was not the applicant, but that he was appointed at the hearing of an application brought by another person, without a new citation having been issued. It was held that the ordinary had authority to appoint a person other than the applicant without issuing a new citation. The question now under consideration, as to whether the application must show, as against an objection made before any appointment has been made, that the applicant is so interested in the estate as to be entitled to the administration, was not involved in that case. Neither was this question involved in the case of *Mandeville* v. *Mandeville*, 35 *Ga.* 243. That was a contest over an application for administration. The applicant was an heir at law and interested in the estate, and hence had a right to apply for the administration. The caveators were also heirs at law and were in number two thirds of those interested in the distribution of the estate. In their caveat they set up that the applicant was not a proper person to administer, and also that they had selected another one of the heirs at law as administrator. It was held that the court had authority to appoint a person other than the applicant, without issuing a new citation ; and that where a majority of the next of kin of the decedent agree upon one of their number as administrator, the ordinary must appoint him. The court erred in overruling the motion to dismiss the application for administration upon the ground that it did not appear therefrom that the applicant had a right to file the same.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*