## DIERKS *v.* SMITH.

1. Where the only ruling complained of in the bill of exceptions is based on
   technical objections to the pleadings in the court below, and it appears as a
   matter of necessary inference that no evidence was introduced on the trial,
   the writ of error will not be dismissed on the ground that the certificate of
   the trial judge "does not state that the bill of exceptions contains or spec-
   ifies all of the evidence necessary to a clear understanding of the errors
   complained of."
2. One who has acquired by purchase the entire interest of an heir in the estate
   of a deceased person, and who is interested in preventing the waste incident
   upon an unnecessary administration, may object, upon proper grounds, to

the grant of letters of administration by the ordinary; and this is true though the objecting party be neither an heir nor a creditor of the estate.

Argued March 12, — Decided March 30, 1904.

Application for administration. Before Judge Roan. Campbell superior court. February 3, 1903.

*J. H. Longino*, for plaintiff in error. *J. F. Golightly*, contra.

FISH, P. J.   On October 6, 1902, T. J. Smith filed in the court of ordinary of Campbell county a petition alleging that on February 21, 1875, James M. Lofton died leaving an estate consisting of real and personal property of the probable value of $1,500; that under the law it was necessary that the estate should be administered; and that the petitioner, by written agreement of the heirs, had been selected as administrator. The petition prayed for his appointment accordingly.   Dierks filed objections to the grant of letters of administration, averring that the estate of Lofton owed no debts; that the property consisted mainly, if not entirely, of 100 acres of land; that there were five shares of the estate, and five distributees, all of whom were of full age; and that no administration was necessary for the purpose of distribution. He further set up that one share of the estate, consisting of a one-fifth undivided interest in the 100 acres of land referred to, which was the interest of W. H. Lofton, one of the original distributees, had been purchased by him; and that the estate could be divided in kind. By amendment he averred that by reason of his purchase of the interest of W. H. Lofton he had the same right to object to the appointment of an administrator that W. H. Lofton would have had.   The ordinary granted the application and appointed Smith administrator; whereupon the caveator appealed to the superior court.   On the call of the case in that court Dierks further amended by averring that the estate of J. M. Lofton consisted entirely of the 100 acres referred to in the original caveat. A motion was then made by counsel for Smith to dismiss the caveat, on the ground that Dierks was neither an heir nor a creditor of the decedent, and therefore had no right to object to the appointment of an administrator. This motion was sustained, and the caveator excepted.

1. On the call of the case in this court a motion was made to dismiss the writ of error, on the ground that the certificate of the trial judge to the bill of exceptions " does not state that the bill

of exceptions contains or specifies all of the evidence necessary to a-clear understanding of the errors complained of." As it affirmatively appears that the ruling sought to be reviewed was based on technical objections to the pleadings, and as there could not have been any evidence introduced after the striking of the caveat and dismissal of the appeal, the motion to dismiss is entirely without merit.

2. On the merits of the case the sole question presented for our determination is whether or not the caveator, Dierks, had such an interest in the estate of Lofton as to give him the right to object to the appointment of an administrator. It is worthy of note that more than twenty-seven years had elapsed after the death of J. M. Lofton before the filing of the petition in this case. From the caveat as amended it appears that Dierks is the owner by purchase of one fifth of the entire estate. There is no question that under our law a caveat to an application for letters of administration must show that the caveator is interested in the estate; and in *Williams* v. *Williams*, 113 *Ga.* 1006, it was held that "in order for one to be heard in a proceeding before the ordinary for the appointment of an administrator of the estate of a deceased person, he must show that he has an interest in the choice of an administrator, either as heir or creditor of the deceased;" and that "a claim to own the property named in the petition for administration is not sufficient; some interest on the part of the objector in the assets and their distribution must appear." The reason of this rule, as was explained by Mr. Justice Cobb in *Towner* v. *Griffin*, 115 *Ga.* 966, is, "that a mere interloper should not be allowed to interfere where a proper application has been made for letters of administration upon the estate. A person who is not concerned in any way in the question should, of course, not be heard before the court." We are clear that in the case at bar Dierks is not an interloper. He is vitally interested. He stands in the shoes of W. H. Lofton, who, as one of the children of J. M. Lofton, was entitled to one fifth of the estate, which, according to the amended caveat, consisted entirely of the 100' acres in question. It is further claimed that the five persons interested are all sui juris, and can without expense divide the estate among themselves. Dierks having acquired all the interest that W. H. Lofton had in the estate, he has every right that Lof-

ton would have had to come in and object to the waste which it is averred is threatened.

There is nothing in any of the cases cited by counsel for the applicant which is contrary to this view. *Tanner* v. *Huss,* 80 *Ga.* 614, was a contest for appointment as administrator between Huss, a creditor who had been nominated by other creditors, and Tanner, who was the heir of an heir to the estate. It was held merely that Tanner, not being a creditor, could not be nominated by the creditors to administer; and that Huss, who was nominated by other creditors, being himself a creditor, was eligible for appointment. Tanner, in addition to being supported by some of the creditors, was supported also by the divorced husband of the intestate; but the latter was not himself an heir of the intestate, his only interest in the estate being as heir of an heir. Nor is there anything in the case of *Augusta R. Co.* v. *Peacock,* 56 *Ga.* 146, which is in conflict with what is now held. In that case Peacock applied for letters of administration on the estate of his nephew, a child two years old, who was killed by the Augusta & Summerville Railroad Company, the petition alleging that the deceased had personal property in the county of Richmond. The railroad company objected on the ground that the deceased left no creditors in Georgia, nor any property at all; that he was killed by the railroad company without negligence; that the entire estate of the deceased consisted of a claim for damages for this homicide, and that the administrator would have no cause of action for that. The case was tried on appeal, when the applicant demurred to the objections, insisting that the railroad company could not be heard. This demurrer was sustained, and the judgment was affirmed on writ of error, this court holding that apprehension of suit by an administrator when appointed would not authorize a person to appear as a party in the court of ordinary to resist the grant of letters; and that " before one can be heard as a party to the proceeding before the ordinary, he must show that he has an interest in the choice of administrator, either as heir or creditor; some interest on the part of the objector in the assets and their distribution must appear." Clearly, under the averments of the caveat in this case, Dierks has a one-fifth interest in the assets of the estate; and he is interested in not having them wasted by an unnecessary administration.

*Judgment reversed. All the Justices concur.*