MATHEWS v. ROUNTREE, executor.

1. Not only heirs, legatees, and creditors of an estate, but also all other persons concerned in the legal administration of the assets thereof, including a cosurety of the decedent on a bond on which suit has been brought, may interpose a caveat to an application for a year's support.

2. Until final judgment be rendered in the trial court, no interlocutory ruling which would not have finally disposed of the case, if rendered in favor of the excepting party, can be brought under review in this court.

Argued May 23, — Decided June 15, 1905.

Application for year's support. Before Judge Mitchell. Brooks superior court. November 8, 1904.

*L. W. Branch*, for plaintiff.
*J. W. Edmondson* and *W. H. Griffin*, for defendant.

Fish, P. J.    An application for a year's support was made to the court of ordinary of Brooks county by Mrs. Hannah Mathews.   To the return of the appraisers, S. S. Rountree, in his capacity as executor of the estate of M. Brice, filed a caveat.   The ordinary, upon the hearing of the issues presented by the caveat, made the return of the appraisers the judgment of the court, and the caveator thereupon entered an appeal to the superior court. When the case was called for a hearing in that court, he offered an amendment to his caveat, which was allowed over the objection of Mrs. Mathews.   She then moved to dismiss the caveat, on the ground that the caveator was not "an heir at law, legatee, or creditor of the estate" of her deceased husband, S. M. Mathews, and therefore had no right to object to the allowance of the year's support.   The court overruled this motion to dismiss, and, at the instance of the caveator, continued the hearing of the case until there should be a final judgment in a suit upon a bond which had been signed by S. M. Mathews and M. Brice as sureties, to which suit Mrs. Mathews, as the executrix of her deceased husband, and Rountree, as executor of Brice, were parties.    The present bill of exceptions was sued out by Mrs. Mathews, who complains of the rulings adverse to her, and also of the action of the court in continuing the case.

1. The interest which Rountree, as executor, had in contesting the right of Mrs. Mathews to receive the allowance set apart to her as a year's support was that he had reason to apprehend that there might be a recovery on the bond signed by his testator as surety, in which event the estate of Mathews would also become liable, because of the obligation which he had assumed as a co-surety.    The caveator alleged, that others who had become sureties on the bond were insolvent; that the amount claimed to be due on the bond was $8,483.41; that in the event of a recovery on the bond, he would have to look to the estate of Mathews for contribution; and that the excessive allowance given to Mrs. Mathews for a year's support would render that estate insolvent. It is therefore apparent that the caveator had a very vital concern in the matter of fixing the amount of money or property to be set aside as a year's support.    Our Civil Code, § 3467, provides that, upon the return of the appraisers, the ordinary shall publish notice and cite "all persons concerned" to show cause

why the year's support should not be granted, and if no objections be interposed, the application shall be granted as a matter of course. After the year's support is once set apart, no one is at liberty to go behind the judgment granting it, no matter what interest he may have in defeating the same. So we are very clearly of the opinion that it was the right of the caveator, as one of the "persons concerned" in the matter of granting the application of Mrs. Mathews for a year's support, to resist the application upon any ground which could properly be urged by any other person concerned as heir at law, legatee, creditor, or administrator.

The plaintiff in error calls attention to the fact that the Civil Code, §3394, which provides for giving notice of an application for letters of administration, declares that the ordinary shall issue citation to "all concerned;" and, in this connection, several decisions of this court construing this section of the code are cited and relied on as supporting the contention that the caveator had no right to object to the allowance of the year's support applied for. In the case of *Augusta R. Co.* v. *Peacock*, 56 *Ga.* 146 (2), it was remarked that before one could be heard to object to the appointment of an administrator, it was incumbent upon him to "show that he has an interest in the choice of administrator, either as heir or creditor; some interest on the part of the objector in the assets and their distribution must appear." The language used is not inconsistent with the idea that one having such an interest in an estate as Rountree, the caveator, shows could object to the appointment of an unsuitable administrator. All that was definitely ruled was, that the railroad, which had killed the person on whose estate Peacock had applied for letters of administration, could not be heard to object to his appointment simply because the company apprehended he might bring suit against it for the homicide of the person whom it had killed. In *Williams* v. *Williams*, 113 *Ga.* 1006, similar language was used, and the court held that one claiming the property sought to be administered could not object to the appointment of an administrator. It is evident that an administrator should be appointed in order to contest such a claim in behalf of the estate he represents. The only remaining case relied on is *Towner* v. *Griffin*, 115 *Ga.* 965, wherein it was ruled that "An application for

letters of administration, which fails to allege that the applicant is an heir at law of the decedent, or a creditor of the estate, or any other reason" entitling him to administer the estate, should be dismissed at the instance of persons interested in the estate as heirs at law. In a later case (not cited, by the way) this court expressly ruled that it was not necessary that one objecting to the appointment of an administrator should be either an heir or a creditor of the estate, provided he had some interest in having it properly administered or disposed of without administration. *Dierks* v. *Smith*, 119 *Ga.* 859. The objecting party was one who had acquired by purchase the interest of an heir in the estate, and the objection made that there was no necessity for administration was held to be one which he could urge.

2. Had the court sustained the motion to dismiss the caveat, the ruling made would have brought about a final disposition of the case; and this being so, it is the right of the plaintiff to have the judgment overruling the motion reviewed by this court, notwithstanding the case has not finally been disposed of in the court below. Civil Code, §5526. But this court is without jurisdiction to also pass upon the exception taken to the allowance of the amendment to the caveat (*Turner* v. *Camp*, 110 *Ga.* 631); or to deal with the complaint touching the continuance of the case (*Berryman* v. *Haden*, 112 *Ga.* 752), since such interlocutory rulings can not be brought under review till the trial court renders final judgment.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*