## 29245.   SYBILLA *v.* CONNALLY.

DECIDED JANUARY 24, 1942.   REHEARING DENIED FEBRUARY 28, 1942.

*Rosser & Rosser, Wright & Willingham,* for plaintiff.

*R. C. Pittman, L. W. Honeycutt, D. W. Mitchell, W. M. Henderson,* for defendant.

SUTTON, J.   Richard DuPree filed an application in the court of ordinary of Whitfield County for the appointment of the county administrator as administrator of the estate of Charles A. Connally, alleging that Connally died on February 5, 1940, leaving the petitioner entitled, by virtue of a contract made by the deceased with the mother of the petitioner for his benefit, to one half of the estate of the deceased.   Citation was duly issued thereon, and Mrs. Charles A. Connally, widow and heir at law of said Connally, appeared and filed a general demurrer to the petition, together with a special demurrer which, inasmuch as its objection was later met by an amendment, need not be noted.   The ordinary sustained the

general demurrer and an appeal was taken to the superior court. In that court the petitioner filed and had allowed an amendment in which Susie Blitch Sybilla, suing for the use of Richard DuPree, was substituted as plaintiff in his stead. It was further alleged in the amendment that the contract referred to in the original application for appointment of an administrator was a contract which was made and entered into between Susie Blitch, the mother of Richard DuPree, and Charles A. Connally on or about August 10, 1896, and that at that time her son, Richard DuPree, had been born to her and was an illegitimate child, the father being the said Charles A. Connally, and that Susie Blitch Sybilla, the mother, was preparing to proceed against him by criminal prosecution for "seduction and bastardy;" that as a result of the alleged act the said child, Richard DuPree, was born, and that Connally, knowing that proceedings were about to be commenced against him, came to her and stated that such proceedings would only injure her and the child and would ruin, humiliate and destroy the life of himself, and that if she would rear the child and would not proceed against him, the said Connally, for "seduction and bastardy" and would save him the shame and humiliation that would arise from such proceedings he would leave the child by will such portion of his estate as the said child, Richard DuPree, would have been entitled to had he been a legitimate child, and that the child was to take under his will at his death a like amount as any other child, who might thereafter be legitimately born to him, would take; that she accepted this offer and agreement and did not institute such proceedings against Connally, and kept the parentage of the child, as to his father, unknown as far as possible, so as to save the said Connally any disgrace or shame on account thereof, believing and assuming that he would carry out his agreement in good faith; that he thereafter married, approximately twenty years preceding the filing of the amendment, and died on the date alleged in the original petition, leaving no will and leaving surviving him no children or descendants of children other than Richard DuPree and his wife, Mrs. Charles A. Connally; that by reason of these facts Richard DuPree is entitled to one half of the estate of the said Connally, and is entitled to have an administrator appointed in order that his rights against the estate of the said Connally may be adjudicated by a court of competent jurisdiction, in which pro-

ceeding the administrator of the estate of Charles A. Connally would be a necessary party.

To the petition as amended the defendant, Mrs. Charles A. Connally, demurred on the grounds: 1. That no right was shown in Richard Dupree to maintain the action and that it can not be maintained in the name of another for his use. 2. The petition as amended shows that Richard DuPree is neither an heir at law nor a creditor of the estate, but claims to be a joint owner with the defendant by reason of a certain contract alleged in the petition. The general demurrer theretofore filed was renewed. The judge sustained the general demurrer and dismissed the action, and the exception is to that judgment.

The petition shows that Richard DuPree, who first applied in his own name for the appointment of an administrator on the estate of Charles A. Connally, his reputed father, was the beneficiary of a contract entered into between the father and his mother. Under the contract the father, in consideration of the forbearance by the mother of prosecuting a bastardy proceeding against him and her agreement to rear the illegitimate child, Richard DuPree, agreed to devise by will to the child such portion of his estate as he would take by inheritance as if legitimate. The father of an illegitimate child is bound to support him, and this obligation is a good consideration to support a contract entered into by him with the mother for agreed performance by him towards the child. Code, § 74-202. See also *Jones* v. *Peterson,* 117 *Ga.* 58 (43 S. E. 417) ; *Franklin* v. *Ford,* 13 *Ga. App.* 469 (2) (79 S. E. 366). It is, of course, immaterial whether the promise of the father is to pay a sum of money to the mother for the support of the child or to pay the child an amount at some future date. The contract here, although oral, was valid and enforceable. See *Banks* v. *Howard,* 117 *Ga.* 94 (43 S. E. 438), and *Gordon* v. *Spellman,* 145 *Ga.* 682 (89 S. E. 849, Ann. Cas. 1918A, 852), to the effect that an oral contract by which one of the parties agrees to make a will with a devise of property to the other, as compensation for services rendered and to be rendered to the former during his life, is valid and enforceable. In the latter case it was also held: "If the promisor in such a case makes a will, which is probated, devising the specific property to another person in violation of the terms of the contract, equity will impress a trust upon the property, which

will follow it into the hands of the personal representative or devisee of the promisor." DuPree, while having a *cause* of action by virtue of the contract, did not have a *right* of action in his own name. Code, § 3-108, provides: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." The exceptional instances in which a third person beneficiary is allowed to bring an action on such a contract, as shown by numerous decisions, are: (1) he must have been a party to the contract or in privity; (2) a trust must have been created for him under the contract; or (3) his relation or status must have been changed under the contract. See *Waxelbaum* v. *Waxelbaum, 54 Ga. App.* 823 (189 S. E. 283); *First National Bank & Trust Co.* v. *Roberts,* 187 *Ga.* 472 (2) (1 S. E. 2d, 12). DuPree obviously does not come within any of the exceptions to the general rule, and his only remedy, therefore, to avail himself of the benefits of the contract would be by an action prosecuted in the name of the mother for his use. But the estate of Connally was unrepresentated, and to have his rights enforced an administrator must first be appointed, so that the mother could proceed against him as a defendant representative of the estate. DuPree filed an application in his own name in the court of ordinary for the appointment of the county administrator as the administrator of the estate of Connally. A demurrer by the widow of Connally was sustained and the case appealed to the superior court. In that court the petition was amended, wherein detailed allegations were made as to the facts underlying the consummation of the contract made for his benefit and under which he bases his right to a child's part of the estate of Connally, and in which amendment Mrs. Susie Blitch Sybilla, his mother, was substituted as plaintiff suing for the use of DuPree. The exception to the judgment sustaining the demurrers there interposed and renewed presents for consideration the following questions: (1) Do the allegations of the petition which fail to show that DuPree is either an heir at law of Connally or a creditor of the estate authorize the appointment of an administrator? (2) Could the action proceed in the name of the mother suing for the use of DuPree?

Did DuPree have the right to be heard in the court of ordinary

on the question of the appointment of an administrator.? In *Williams* v. *Williams,* 113 *Ga.* 1006 (39 S. E. 474), it was ruled: "In order for one to be heard in a proceeding before the ordinary for the appointment of an administrator of the estate of a deceased person, he must show that he has an interest in the choice of administrator, either as heir or creditor of the deceased." In *Towner* v. *Griffin,* 115 *Ga.* 965 (42 S. E. 262), in referring to the *Williams* case, supra, it was said by Judge Cobb, speaking for the court: "The reason of this rule is that a mere interloper should not be allowed to interfere where a proper application has been made for letters of administrator upon the estate. A person who is not concerned in any way in the question should, of course, not be heard before the court. While there is no ruling to the effect that an application for letters of administration must show that the applicant is an heir at law or a creditor or for some other reason entitled to the administration, it would seem that the principle at the foundation of the ruling above referred to would apply in such a case." In *Dierks* v. *Smith,* 119 *Ga.* 859 (2) (47 S. E. 203), it was held: "One who has acquired by purchase the entire interest of an heir in the estate of a deceased person, and who is interested in preventing the waste incident upon an unnecessary administration, may object, upon proper grounds, to the grant of letters of administration, by the ordinary; and this is true though the objecting party be neither an heir nor a creditor of the estate." In *Mathews* v. *Rountree,* 123 *Ga.* 327 (51 S. E. 438), it was ruled: "Not only heirs, legatees, and creditors of an estate, but also all other persons concerned in the legal administration of the assets thereof, including a cosurety of the decedent on a bond on which suit has been brought, may interpose a caveat to an application for a year's support." In *Bearden* v. *Baldwin,* 174 *Ga.* 191, 198, (162 S. E. 802), it was said: "An applicant for letters of administration must show that he has an interest in the estate; and likewise, before one can object to the appointment of any applicant for letters of administration, it must be made to appear that the caveator has an interest in the subject-matter which is to be administered. Generally, either an applicant or an objector must show that he is either an heir or creditor of the decedent; but this rule is not without exception."

We think, from a consideration of the above-mentioned cases,

that the right to be heard in the court of ordinary on the appointment of an administrator is not limited to one who is either an heir or a creditor of the estate, but that the right extends to one who can be said to have an interest in the estate which may be enforced by a suit against an administrator as here. If the allegations of the petition in this case be true, Richard DuPree is vitally interested in the res of the estate of Connally. It is shown that in consideration of the forbearance by his mother of the prosecution of a bastardy proceeding and her agreement to rear the illegitimate child, DuPree, Connally bound himself to devise by will to him the equivalent of a child's part of his estate. The mother performed. Connally did not. Unless an administrator of his estate be appointed, neither DuPree nor any one in his behalf can obtain that to which he is entitled under the contract which we have held to be enforceable. He is not an interloper in law, and was entitled to be heard in the court of ordinary on the question of the appointment of an administrator.

DuPree might, in the superior court, have persisted in prosecuting in his own name the application for the appointment of an administrator. He chose, however, to amend and substitute as plaintiff the name of his mother, suing for his use. We see no reason why the proceeding could not have been so maintained for his use or benefit. He had a use because he had a *cause* of action, though not a *right* of action in his own name, in respect to a suit on the contract, and he was in fact entitled to be heard in his own name in respect to the appointment of an administrator. *Fenner & Beane* v. *Nelson,* 64 *Ga. App.* 600 (13 S. E. 2d, 694), and *Norwich Union Insurance Society* v. *Wellhouse,* 113 *Ga.* 970 (39 S. E. 397), cited and relied on by the defendant in error as precluding the substituting of the mother as plaintiff suing for the use of DuPree are distinguishable for the reason that the usee in each case had no cause of action to be asserted. The Code, § 81-1307, provides that when it becomes necessary for the purpose of enforcing the rights of such plaintiff, he may amend by substituting the name of another person in his stead, suing for his use. This language was construed in *Winter* v. *Matthews,* 41 *Ga.* 652, and it was held that under that provision "a new plaintiff, suing for the use of the former plaintiff, may be made by amendment." In *Atlantic Coast Line R. Co.* v. *Hart Lumber Co.,* 2 *Ga. App.* 88 (58 S. E. 316), it

was said: "Since such an amendment is allowable for the designated purpose 'of enforcing the rights of such plaintiff,' some showing should be made to the court that some right of the original plaintiff is connected with the cause of action he desires to assert in the name of the nominal party to be substituted; but this right need not be so perfect as to be capable of direct enforcement, either in law or in equity. It is analogous to the practice in ejectment, where the real plaintiff is allowed to lay demises in the name of any living person, and recover upon any of such demises, though he be unable to connect his title by legal evidence with the title of the person in whose name he recovers, provided that the court is satisfied that he bona fide claims under such person, or has some connection with his title." See also *Jones* v. *Reed, 58 Ga. App.* 72, 74 (197 S. E. 665). The proceeding here under review did not have as its *immediate* object the enforcement of a right under the contract invoked by DuPree, but was an intermediate prerequisite to the establishment of a proper defendant against whom the right under the contract might be enforced. The petition shows to the court a right in the original plaintiff, DuPree, connected with a cause of action which may be asserted in the name of Mrs. Susie B. Sybilla, his mother, and a suit would be maintainable in her name, for the use or benefit of DuPree, based on the contract recited in the petition. This being true, and DuPree, as we have held, being entitled to be heard in his own name in the court of ordinary under an application for the appointment of an administrator on the estate of Connally, we reach the conclusion that the petition as amended, in the name of Mrs. Susie Blitch Sybilla, suing for the use of Richard DuPree, was properly maintainable in the court of ordinary for the appointment of an administrator of the estate of Charles A. Connally, and that the court erred in sustaining the defendant's general demurrer and in dismissing the action.

*Judgment reversed. Felton, J., concurs. Stephens, P. J., concurs in the judgment.*