HICKS, administratrix, *et al. v.* SHROPSHIRE, executrix, *et al.*

No. 14314.   NOVEMBER 17, 1942.

30

*Elijah A. Brown, Leon Covington,* and *Bloodworth & Bloodworth,* for plaintiffs in error.

*Moses E. Brinson* and *Benning M. Grice,* contra.

HEWLETT, Justice.   The controversy in this case arose over ownership of a fund paid into the registry of the United States court in a condemnation proceeding.   The question for decision is, whether parties claiming title to the fund adversely to an administratrix can file a petition in the superior court seeking to set aside the judgment of a court of ordinary granting letters of administration, on the ground there was no estate to be administered, and that the letters were obtained by fraud in connection with a

scheme to get property to which the estate had no title? In *Augusta & Summerville Railroad Co.* v. *Peacock,* 56 *Ga.* 146, it was held: "Apprehension of suit by an administrator, when appointed, will not authorize a person to appear as a party in the court of ordinary to resist the grant of letters; especially if the administrator, when appointed, from the facts admitted will have no cause of action against such party." This was followed in *Williams* v. *Williams,* 113 *Ga.* 1006 (39 S. E. 474), where it was said: "In order for one to be heard in a proceeding before the ordinary for the appointment of an administrator of the estate of a deceased person, he must show that he has an interest in the choice of administrator, either as heir or creditor of the deceased. . . . A claim to own the property named in the petition for administration is not sufficient; some interest on the part of the objector in the assets and their distribution must appear." In *Sharpe* v. *Hodges,* 121 *Ga.* 798 (49 S. E. 775), it was said: "A person not interested in the assets of an estate has no right to raise any question as to the legality of a judgment, regular on its face, appointing an administrator. *Jones* v. *Smith,* 120 *Ga.* 642 [48 S. E. 134]." In *Dierks* v. *Smith,* 119 *Ga.* 859 (47 S. E. 203), it was ruled that it was not necessary that one objecting to the appointment of an administrator should be either an heir or a creditor of the estate, provided he had some interest in having it properly administered. The objecting party there was one who had acquired by purchase the interest of an heir in the estate. See Code, § 113-1212; 23 C. J. 1103, § 278, 33 C. J. S. § 85; 21 Am. Jur. 457, § 146.

In addition to the foregoing, since it appears from the petition that the real issue in the instant case is ownership of land, it necessarily follows that the purpose of seeking cancellation of the letters of administration, while brought in the superior court, was nevertheless an indirect attempt to try title to the land in a court of ordinary. In other words, the question as to whether title to the land was in the estate on the one hand, or whether it was in the plaintiffs, could not be determined without the appointment of an administrator. In *Dix* v. *Dix,* 132 *Ga.* 630 (2) (64 S. E. 790), it was held: "A court of ordinary has no jurisdiction to try and determine conflicting claims of ownership of property, arising between a widow applying for the setting apart of a year's

support and a person asserting title adversely to the estate of her deceased husband." See in this connection *Crider* v. *Woodward,* 162 *Ga.* 743, 746 (135 S. E. 95); *Latham* v. *Fowler,* 192 *Ga.* 686, 691 (16 S. E. 2d, 591); *Smith* v. *Pitchford,* 189 *Ga.* 307, 309 (5 S. E. 2d, 766); *Brooks* v. *Brooks,* 184 *Ga.* 872, 874 (193 S. E. 893); *Richey* v. *First National Bank,* 180 *Ga.* 751, 752 (180 S. E. 740).

The present case is distinguishable from *Bowers* v. *Dolen,* 187 *Ga.* 653 (1 S. E. 2d, 734), and similar cases, for the reason that the plaintiff in that case claimed an interest in the estate, and therefore could maintain the action.

Applying the above principles, the judge erred in overruling the demurrer. As that ruling requires a reversal, it becomes unnecessary to pass on other grounds of demurrer.

*Judgment reversed. All the Justices concur, except Grice, J., disqualified.*