33698. BERRY *v.* SMITH *et al.*

33701. TRINITY UNIVERSAL INSURANCE Co. *v.* SMITH *et al.*

DECIDED FEBRUARY 28, 1952—REHEARING DENIED MARCH 19, 1952.

*Marina Capitan, Gilbert E. Johnson*, for plaintiff in error.

*Irving Stanley Nathan, A. R. Meiman, Morris & Smith*, contra.

WORRILL, J. (After stating the foregoing facts.) ■ The defendant in error has filed motions to dismiss the writs of error, on the ground that the bills of exceptions should have been presented as one bill of exceptions with Trinity Universal Insurance Company and Mrs. Eloise Berry as joint plaintiffs in error, and Mannie Smith as defendant in error, instead of as separate bills naming each other as defendant in error together

with Mannie Smith as the other defendant in error. This motion is without merit. The insurance company's caveat contained, in addition to the points in Mrs. Berry's caveat, the contention that Ben L. Berry is not dead. Mrs. Berry assigns error on the overruling of a motion to dismiss, in addition to her assignment of error on the overruling of her caveat. The caveats were disposed of in different ways. The court sustained a demurrer to the insurance company's caveat, ruling that the company had no right to be heard in the case, and thus did not consider the objections offered by the company, whereas Mrs. Berry's caveat and motion to .dismiss were considered on their merits, and overruled. Though the separate caveats contain some identical questions, the rights of the two caveators are distinct and independent, and each party has the right to except to the ruling and to file a separate bill of exceptions. Otherwise, since the company filed its bill of exceptions first, and since there is no method known to the law by which Mrs. Berry could have compelled it to include an assignment of error on the overruling of her caveat and motion to dismiss, the judgment would stand as final against her, because no exception was taken to it, unless she were allowed to except and test the question by a separate bill of exceptions. See *East Atlanta Land Co.* v. *Mower*, 138 *Ga*. 380 (75 S. E. 418).

■ Trinity Insurance Company assigns error on the ruling that its caveat is insufficient in law, in failing to show that the caveator is either an heir or creditor, and that its only interest is to defend any suit which may be brought against the estate. The company contends that it has a substantial interest to protect, and that the court erred because the caveat challenges the ordinary's jurisdiction on the ground that Ben L. Berry is not dead. Since mere apprehension of suit by an administrator, when appointed, will not authorize a person to appear as a party in the court of ordinary (*Augusta & Summerville R. Co.* v. *Peacock*, 56 *Ga*. 146), it follows that a company which will be bound to defend a suit, if filed, against an administrator, when appointed, just as it would have been bound to defend a suit for the same cause of action against deceased had he lived, does not have any interest in the estate, but is a mere interloper; and the trial court properly sustained the petitioner's demurrer to the com-

pany's caveat, since it has no right to be heard on any contention.

■ Ground 2 of Mrs. Berry's caveat contends that the petitioner is not a creditor of the estate within the provisions of the law, so that he can apply for the appointment of an administrator. This ground is without merit. Ordinarily a person who petitions for the appointment of an administrator or who caveats to such a petition must be either an heir at law or a creditor of the deceased. *Augusta & Summerville R. Co.* v. *Peacock,* supra; *Williams* v. *Williams,* 113 *Ga.* 1006 (39 S. E. 474); *Towner* v. *Griffin,* 115 *Ga.* 965 (42 S. E. 262). However, any other person who has a real interest in the estate may be heard in the court of ordinary on the appointment (*Dierks* v. *Smith,* 119 *Ga.* 859, 47 S. E. 203; *Mathews* v. *Rountree,* 123 *Ga.* 327, 51 S. E. 423; *Bearden* v. *Baldwin,* 174 *Ga.* 191, 162 S. E. 802); and the right extends to one who has an interest in the estate which may be enforced by a suit against an administrator (*Sybilla* v. *Connally,* 66 *Ga. App.* 678, 18 S. E. 2d, 783). Since a cause of action for damages for injury to person or property does not abate by death of the tort-feasor, but survives against his personal representative (Code, § 3-505), the petitioner here has an interest in the estate which may be enforced by a suit against an administrator, and he is entitled to be heard in the court of ordinary on the appointment of an administrator.

■ Ground 6 of Mrs. Berry's caveat contends that the policy of insurance is not an asset of the estate of the deceased, and the motion to dismiss filed by Mrs. Berry contends that there is no estate upon which an administration can be had. This presents a question which this court has not had the occasion to pass upon, that is, whether the potential liability of the insurer to the estate, dependent upon the establishment of a claim by a third person against the estate, is an asset of the estate. The first case on this subject seems to be Robinson *v.* Dana's Estate, 87 N. H. 114 (174 Atl. 772), where it was held that such liability by a liability insurer to an insured constitutes an asset of the insured justifying a grant of administration, although it is conditional upon the maintenance by the injured person of an action and establishment of a liability against the insured or his estate, and although ultimately it may prove not to be owing to the deceased or his estate. The later cases of Gordon *v.* Shea, 300

Mass. 95 (14 N. E. 2d, 105), Furst *v.* Brady, 375 Ill. 425 (31 N. E. 2d, 606), and In re Vilas' Estate, 166 Ore. 115 (110 Pac. 2d, 940), followed this rule. The opinions in these cases seem to be sound. "For every right there is a remedy." · Code, § 3-105. In cases where there are no other assets, if this rule were not followed, no suit could be brought by the injured person against the insured's estate for lack of an administrator to be sued, and the insurance company would escape liability. The insurance policy is an asset of the estate justifying the appointment of an administrator.

■ But is is urged by the widow, Mrs. Berry, that, if the policy of insurance is an asset of the deceased husband's estate, it passed to her under the language contained in item 4 of the award, "Together with all furniture, household goods, and all other property, real or personal, and all obligations of every kind, nature, or description to which the said Ben L. Berry was entitled and possessed." For reasons now to be advanced, a construction of item 4 is unnecessary. While the policy was, as we have ruled, an asset of the deceased Berry's estate and a sufficient basis for the appointment of an administrator, its legal status was that neither it, nor any interest in it, would pass under the award of a year's support. The policy was not written for the benefit or protection of the wife or any other person. Its sole object was to indemnify the insured. Fidelity & Casualty Co. *v.* Martin, 163 Ky. 12 (173 S. E. 307, L. R. A. 1917f, 924) ; 29 Am. Jur. 142, § 126. Such an executory contract, in which the personal character of the insured is obviously a most important element, is not, before liability is cast upon the insurer by reason of a judgment against the insured, assignable without the consent of the insurance company. Ocean Accident &c. Corp *v.* Southwestern Bell Tel. Co., 100 Fed. 2d, 441, 444 (122 A. L. R. 133, and annotations) ; Rendelman *v.* Levitt (Mo. App.), 24 S. W. 2d, 211, 213; 29 Am. Jur. 401, § 492. Even where tangible property, real or personal, is insured and is later sold, it is well settled that policies of insurance on such property, because of the personal element involved, do not run with it. Since, as we have demonstrated, a policy of liability insurance, as here, may not be assigned by the insured without the consent of the insurance company, it necessarily follows, a fortiori, that it may not

become the subject matter of an award under a year's support. The legal result is that the right to the policy in question inheres only in such personal representative of the deceased as may be appointed, and that, if judgment be obtained against him for any injury suffered by the plaintiff at the hands of the administrator's intestate, the insurance company issuing the policy will be obliged to respond on behalf of such administrator.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*