## 34000.   LAWRENCE *v.* LAWRENCE.

DECIDED APRIL 11, 1952.

*Cecil D. Franklin,* for plaintiff in error.

*W. W. Mundy Jr.,* contra.

FELTON, J.   The caveatrix, while testifying as to the agreement between the deceased and herself to become husband and .wife (this happening after the separation of the deceased and the applicant), testified: "When I went to Joe's house to live I knew he had a wife. I was his housekeeper." While the evidence showed that the marriage between the applicant and the deceased was void because of the applicant's prior undissolved marriage to Charlie Lee Dobbs, the caveatrix nevertheless did not know at the time she went to live with the deceased that such marriage was void; therefore, she could not have intended to enter into a valid marriage relationship with the deceased, believing that he was already married. *Brown* v. *Sheridan,* 83 *Ga. App.* 725, 729 (64 S. E. 2d, 636). Where cohabitation between parties

was illicit in its inception, the illicit relation will be presumed to have continued throughout the period of the cohabitation, in the absence of proof to the contrary. *Foster* v. *Foster*, 178 *Ga.* 791 (3) (174 S. E. 532). There was no evidence here to show that the caveatrix ever discovered, while she was living with the deceased, that the deceased's marriage to the applicant was void, and with that knowledge entered into a new agreement and relationship with the deceased so as to give rise to a valid common-law marriage. Contrary to the plaintiff in error's contention, the presumptions arising in favor of a ceremonial marriage do not arise in favor of a common-law marriage until such marriage has been established by competent evidence. *Lumbermen's Mutual Casualty Co.* v. *Reed*, 84 *Ga. App.* 541 (66 S. E. 2d, 360). In order for the caveatrix to have been heard to object to the appointment of the applicant as administratrix, she must have shown that she had an interest in the appointment either as an heir or as a creditor of the deceased, as set out in Code § 113-1202. *Williams* v. *Williams*, 113 *Ga.* 1006 (39 S. E. 474); *Augusta & Summerville R. Co.* v. *Peacock*, 56 *Ga.* 143 (2), approved in *Hicks* v. *Shropshire*, 195 *Ga.* 29, 31 (22 S. E. 2d, 793). In the instant case, the caveatrix failed to prove an interest in the appointment either as an heir or as a creditor; and, even though the applicant may not have been qualified to be appointed administratrix on the ground of being the deceased's widow and next of kin, the caveatrix was not a party who could contest such appointment.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*