58973. WANSLEY v. TULL.

QUILLIAN, Presiding Judge.
The sole issue presented by this appeal is whether the trial judge correctly dismissed the appellant's appeal from the order of the probate court dismissing his caveat and granting permanent letters of administration to appellee. *Held:*

The deceased in this case had no children and was survived only by his widow. The appellee alleged in his petition seeking letters of administration that he was chosen by the deceased's widow. The caveator (appellant) was a brother of deceased. He alleged the widow was incompetent; that the value of deceased's estate had been understated and that he had been selected by a majority of the next of kin to administer the estate.

The trial judge in his order dismissing the appeal found that appellant was not an heir at law of the deceased, was not a creditor, had no interest in the estate and thus had no standing to caveat the appointment of an administrator.

"[A] caveat to an application for letters of administration should show that the caveator is interested in the estate, either as a creditor of the estate or an heir at law of the decedent. *Williams v. Williams,* 113 Ga. 1006 [39 SE 474], and case cited. The reason of this rule

is that a mere interloper should not be allowed to interfere where a proper application has been made for letters of administration upon the estate." *Towner v. Griffin,* 115 Ga. 965, 966 (42 SE 262). Accord, *Lawrence v. Lawrence,* 86 Ga. App. 8, 9 (70 SE2d 549); *Augusta & S. R. Co. v. Peacock,* 56 Ga. 146; *Hicks v. Shropshire,* 195 Ga. 29, 31 (22 SE2d 793). In *Bearden v. Baldwin,* 174 Ga. 191, 198 (162 SE 802) it was said: "before one can object to the appointment of any applicant for letters of administration, it must be made to appear that the caveator has an interest in the subject-matter which is to be administered." The crucial point is that the caveator must show some interest in the estate which may be enforced by a suit against the administrator. *Sybilla v. Connally,* 66 Ga. App. 678, 682 (18 SE2d 783); *Crow v. Whitfield,* 105 Ga. App. 436, 441 (124 SE2d 648); *Dierks v. Smith,* 119 Ga. 859 (47 SE 203); *Bearden v. Baldwin,* 174 Ga. 191, 198, supra. So we have a threefold test: A caveator must be either (1) an heir at law or (2) a creditor or (3) have such interest which may be enforced by suit against the administrator.

Under Code Ann. § 113-903 (Code § 113-903; as amended through Ga. L. 1972, pp. 880, 881): "Upon the death of the husband without lineal descendants, the wife is his sole heir, and upon the payment of his debts, if any, may take possession of his estate without administration." The words "heir at law" have been interpreted to mean the person appointed by law to succeed to real estate in case of intestacy. *Peeples v. Rudulph,* 153 Ga. 17 (7) (111 SE 548). See *Jennings v. Jennings,* 173 Ga. 428, 432 (160 SE 405). Here the widow survived and the brother thus was not entitled to any part of the estate. He was not a creditor and he had no interest as contemplated by the cases cited. Thus, the trial judge correctly found he had no standing to contest the issuance of the permanent letters of administration.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED NOVEMBER 20, 1979 — DECIDED JANUARY 15, 1980.

*Jefferson L. Davis, Jr., Andrew J. Hill, Jr.,* for appellant.

*Warren Akin,* for appellee.