Mr. Chief Justice ShaRKEy
delivered the opinion of the court.
The question to be determined in this case, is, yiho is entitled to the administration on Mrs. Fowler’s estate 1 Her husband, the appellant, or the appellee, who is a brother of the deceased, and guardian of her only son, by a former marriage. The right of administration has been discussed, with reference to the ultimate right of distribution, which depends upon the construction of a marriage contract. Mrs. Fowler was a widow, with one child, and prior to her marriage with Fowler, they entered into an agreement which provides that the property owned by her, whether real or personal, shall remain as if the marriage had never taken place, and that the wife should have the right to *74 sell or otherwise dispose of the same without the consent of the husband. Fowler was to have the management of the property) but no right of disposition, and was bound to account for the profits annually. Mrs. Fowler had no children by her last husband, and died without having made any disposition of her property; and it is contended, that, as she failed to do so, her husband is entitled to it in preference to her son.
In the case of Langan et ux v. Bowman, 12 S. & M. 715, it was settled, that all other things being equal, the person, or the guardian of the person, entitled to the largest distributive share, was entitled to the administration. The husband, it is true, is generally entitled to administration, because of his right to the chattels real and personal property of the wife. Clancy, 11. But if he be excluded from the right of property, it would seem to follow that he should be excluded from the right of administration. In this case, both parties seem to be anxious to make the right of administration dependent upon the right of distribution, and in view of the decision referred to, we may with propriety place the right to administration on this ground.
It is contended, that the marriage contract only secured the property to the wife during her life, and that as she failed to dispose of it, under the power reserved to her by the marriage agreement, the right of the husband attached at her death. Under a contract less comprehensive and explicit, this rule might apply. But we must have a due regard to the language of the instrument. This is not an ordinary contract, by which the property of the wife was secured to her, with a power of disposition. If the language employed is to have any effect, it is something more. It was agreed that the property, whether real or personal, of the wife, should remain as if the marriage had never taken place. This language, it is said, was not appropriate for the purpose of passing or securing title. That may be true, but it operated as an entire renunciation by Fowler, of his marital right over the property, not only during the cover-ture, but afterwards, for that must be the effect of an agreement that the property should remain as though the marriage had never taken place. It will not do to say that this language was *75 only intended to secure to the wife a separate property during marriage, because different language would be necessary to convey that idea, —something was necessary to qualify the general expression. There seems to be no room for construction, or doubt. These are words of entire exclusion. But it is said the language is qualified, and its meaning explained by the subsequent provisions. There is nothing, however, in them inconsistent with the intention that the husband should be entirely excluded. In the succeeding clause, the wife reserves the right to dispose of her property without the consent of the husband. This provision strictly accords with the idea of exclusion, and indeed gives strength to the previous expressions. Then again his power over the property was limited to the mere management, without the power to sell, and with an express provision that he was to account for the yearly profits. Although it be generally true that nothing is to be taken against the husband by intendment, yet it is equally true that in agreements made before marriage, in regard to the wife’s property, she being then able to contract, full effect must be given to the agreement, according to the intention. 2 Roper, on Husband and Wife, 179. Here we cannot mistake the intention. It certainly was not the intention to reserve a mere power of disposition.
It is not necessary to consider of the effect of the acts of 1839 and 1846, in relation to the rights of married women. This contract is the law of the case. But if these acts alone controlled the case, the result would probably be the same, as the husband had no such vested interest under the act of 1839, as that claimed for him. Clark v. McCreary, 12 S. & M. 347.
Judgment affirmed.