Wm. Bryan, ex'or., &c., plaintiff in error, vs. James A. Rooks, adm'r., &c., defendant in error.

A wife being entitled to a legacy, dies before the husband reduces it to possession, and the husband who survives his wife twelve months, dies without administering on her estate. A stranger administers on the wife's estate.

*Held*, that the wife's estate vested in her husband, and that when her administrator receives it, he shall hold it in trust for the next of kin of the husband or his legatees.

In Equity, from Twiggs county. Tried before Judge La-mar, March Term, 1858.

This bill was filed by James A. Rooks, administrator of Tabitha Adams, deceased, wife of Obadiah Adams, against William Bryan, executor of Daniel Massey, deceased.

The following are the facts as agreed upon by counsel:

Daniel Massey, Bryan's testator, died in 1847, leaving by

will to complainant's (Rooks') intestate, daughter of said Massey, who died about two months after her father, two negroes, Joe and Ned, together with an undivided interest in remainder in an estate left her mother, the widow of said Massey; that her husband, Obadiah Adams, died about twelve months after the death of his wife, without reducing the subject matter of this suit into possession, or administering upon her estate.

The bill filed by Rooks, as admitted, set forth the foregoing facts and prayed for an account and recovery of the legacy—the two negroes, Ned and Joe. These allegations were admitted by the answer, and in addition thereto, Bryan stated, that as there were no debts against plaintiff's intestate, there was no necessity for an administration upon her estate; that she had left no child or children, and that the object of the administration was to have the property inure to the benefit of (as he had been informed) a son legitimated by and made the heir of Adams; that he sold the negroes after Adam's death, and distributed the proceeds of the sale between Mrs. Adams' two sisters, one of whom was his, Bryan's, wife; that when a witness on the stand, he did not state that the distribution was made with the knowledge or assent of Adams, or whether before or after his death; that the sale was in 1848 on twelve months time.

The complainant proved by William Bryan the worth of Joe and Ned, their annual hire.

Defendant, the evidence being closed, moved to dismiss the bill because, under the case and facts made and agreed upon, no one had a right to administer upon the estate of Tabitha Adams and bring this suit, except Obadiah Adams, her husband; and he, having died without reducing his wife's choses in action into possession, or administering upon her estate, that no one else can do so, especially unless she left creditors.

The Court overruled the motion, and the jury found for complainant. Whereupon defendant excepted, and assigns error.

W. S. ROCKWELL, for plaintiff in error.

SAMUEL HALL, for defendant in error.

*By the Court.*—McDONALD J. delivering the opinion.

We affirm the judgment of the Court below. The legacy, under her father's will, had vested in Mrs. Adams before her death. Her husband having survived her, was entitled to administration on her estate, real and personal, and on her rights and credits; and as such administrator, might have recovered and enjoyed them, and they would not have been subject to distribution. *Cobb*, 294. But the husband having neither reduced his wife's property to possession during her life, nor administered on her estate after her death, it is now insisted that her estate goes to her next of kin, and that complainant, as her administrator, cannot recover; that the estate has already been distributed according to law. The statute declares that the husband shall hold it, and that it shall not be subject to distribution. It is not, therefore, distributable amongst the wife's next of kin. It must vest in the husband, and why are not his representatives entitled to it? *Squib vs. Wyn*, 1 *Peere Williams*, 378; *Cart vs. Rees, cited in this case; Elliot vs. Collier*, 3 *Atkyns*, 526; *Stewart vs. Stewart*, 7th *John. Ch. Rep.*, 229. The right of administration following the right of estate, the husband's next of kin are entitled to the administration. But if any one else administer, even if it be the next of kin of the wife, he shall hold it in trust for the next of kin of the husband or his legatees.

Judgment affirmed.