LEMUEL DWELLE, administrator, plaintiff in error, vs. DAVID L. ROATH, executor, defendant in error.

[1.] A bill in equity filed by one who has the equitable title, for the purpose of enjoining several common law suits, at the instance of one who has the legal title, and ostensible right to recover possession of the property, will be retained to avoid circuity of action and unnecessary expense and litigation, unless it appears that there is a legal necessity for the common law actions to proceed—especially after a decree has been had settling the rights of the parties as the law fixes them.

[2.] Upon the death of the wife, having a separate property, the title to such property vests in the husband; and that right is not lost to his representatives, although the husband failed to administer on his wife's estate during his lifetime.

[3.] When the parties go to trial on the bill and answer, and there is no question of fact in issue, and there is nothing involved but a question of law, it is not improper for the Court to instruct the jury to sign a decree in accordance with the legal or equitable rights of the parties.

In Equity, in Richmond Superior Court.    Decision by Judge HOLT, at May Term, 1859.

This was a bill in equity, by David L. Roath, executor of James Adams, deceased, against Lemuel Dwelle, administrator of Harriett L. Adams, deceased, to enjoin certain actions at law.

The facts of the case are these:

On the 15th day of September, 1842, James Adams, and Harriett L. Averell, (widow of ——— Averell, deceased,) in contemplation of their marriage, then shortly to be solemnized, entered into and executed a marriage settlement, in and by which it was agreed and covenanted, that certain real and personal estate therein mentioned, as the property of Mrs. Averell, shall, notwithstanding said marrriage, "remain to the sole and separate use of the said Harriett L., as hereinafter provided. Now the said Harriett L. and James, for and in consideration of the premises, do hereby covenant and agree to and with each other, that if said marriage shall take place, that the aforementioned property, with the future issue, income and profits thereof, shall be entirely at the dis-

position of and under the control of the said Harriett L., and shall remain to the sole and separate use of the said Harriett L., and be free from all debts, liabilities and contracts now existing against the said James Adams, or that he, the said James, may hereafter contract or assume. The said James further covenants and agrees to and with the said Harriett L., that she shall have full power and authority, at any time after the said contemplated marriage shall take place, to give, grant, sell, devise, or convey, all or any part of theafore mentioned property, or the future issue, income and profits thereof, unto any person or persons that she, the said Harriett, may think proper; and that the said Harriett L. shall exercise the same powers over said property, and the future issue, income and profits thereof, as though she were *feme sole;* and the said James further covenants and agrees to and with the said Harriett L., that he will join her in any conveyance that the said Harriett L. may make as aforesaid, in which she shall or may desire his concurrence, and that he will hold said property as her trustee, and not in his own right."

Shortly after the execution of this settlement, the marriage was solemnized, and the said James took possession of said property, and held the same as trustee until the death of his wife, who died without having made any disposition of said property by deed, will or otherwise. The husband survived his wife, and held, retained and used said property until his death, which occurred some years after the decease of his wife. He departed this life without having administered on his wife's estate, leaving his last will and testament, and therein devising and bequeathing said property as his own, and appointing David L. Roath his executor. Afterwards, Dwelle, the defendant, took out letters of administration on the estate of the said Harriett L., deceased, and he instituted actions at law—ejectment and trover—against Roath, for the lands and personal property contained in said marriage settlement. And to enjoin these suits this bill was filed.

It also appeared that Mrs. Adams had no children by her

Dwelle, adm'r, vs. Roath, ex'or.

last husband, but that she had and left children surviving her her first husband.

The Judge granted the injunction, and upon the coming in of the answer, counsel for defendant moved its dissolution upon the grounds—

1st. That there was no equity in the bill.

2d. If any, that it had been fully sworn off by the answer.

The Court refused to dissolve the injunction, but instructed the jury, to whom the cause had been submitted, to decree a perpetual injunction of the actions at law. To which refusal and instruction defendant by his counsel excepted.

GIBSON, by E. J. WALKER; and W. G. JOHNSON, for plaintiff in error.

MILLERS & JACKSON, *contra*.

*By the Court.*—LYON J. delivering the opinion.

[1.] There is much doubt as to the necessity of this bill, but as it avoids a circuity of actions, the expenses of administration on this property, useless litigation, and quiets the titles to the property, it will be retained for these purposes, especially as it has been answered, issue joined, and a decree rendered, properly settling the rights of the parties.

[2.] Upon the death of the wife, having a separate estate, the husband is entitled to administer and reduce the same to possession without account. The husband, in this case, being in possession of the property at his wife's death, and continuing to hold it up to his death, the right of his representatives to retain the property was not defeated by the failure of the husband to administer during his life. This question was distinctly settled in *Bryan vs. Rooks*, 25 *Ga.* 622.

[3.] As there was no dispute as to the facts, and the whole matter in issue a question of law, it was not improper in the Court to instruct the jury to sign a decree settling the rights of the parties under the law.