## MOSELEY *et al. v.* PATTILLO *et al.*

The decision of this case depends upon the construction of a deed of conveyance. In the granting clause of the deed the grant is to "J. L. Moseley, his [C. C. Moseley's] said son, and the heirs of his said son's

---

Deeds, 18 C. J. p. 302, n. 3.

body;" and this is followed by the description of the lands conveyed; and in the tenendum clause is the following language: "To have and to hold the said tracts of land unto him, the said J. L. Moseley, his said son, and to the heirs of his body only, together with all the rights, privileges," etc. Then follows the clause of the deed divesting the grantee of the estate in case he should die childless, this clause containing the provision that the property "is to revert back immediately to the estate of the grantor, C. C. Moseley." This is followed by the stipulation that in no event or contingency is the property conveyed to become subject to any indebtedness of J. L. Moseley, nor subject to dower; and the deed, except as to the formal parts, concludes with a statement of the intention of the donor, and he thus sets forth in words that intention: "It being the sole intention and desire of the said party of the first part, the said C. C. Moseley, that said described property is deeded for the use, benefit, and behoof and enjoyment of the said party of the second part, the said J. L. Moseley and the heirs of his body only." *Held*, that this deed conveyed a fee-simple title to J. L. Moseley, defeasible upon the happening of a stated contingency, that is, in the event J. L. Moseley died childless. Under this construction of the deed, the judgment in favor of the plaintiffs, to which exception is taken, necessarily followed, as whatever title or interest J. L. Moseley had and has under the conveyance set forth above is now vested in the plaintiffs.

No. 5293. June 25, 1926.

Equitable petition. Before Judge Hardeman. Emanuel superior court. January 2, 1926.

*Corbitt & Pope*, for plaintiffs in error. *A. S. Bradley*, contra.

Beck, P. J. D. C. Pattillo and S. W. Vann brought their petition for injunction and other equitable relief against Acling Moseley, John L. Moseley, and others. The case was submitted to the court upon the pleadings and an agreed statement of facts. In the petition it is alleged that the plaintiffs are the owners of the lands involved in this controversy, against trespass upon which injunction is sought. The ownership of petitioners is put in issue by the plea and answer filed by the defendants. In the agreed statement of facts it is "agreed that whatever title or interest the said J. L. Moseley had and has under the aforesaid conveyance from C. C. Moseley is now vested in the plaintiffs in this cause." C. C. Moseley was the father of J. L. Moseley and the common grantor of plaintiffs and defendants. The title which John L. Moseley has to the lands in dispute, and consequently the title which the plaintiffs now have, depends upon the construction of a deed of gift from C. C. Moseley to John L. Moseley. So much of that deed as is material to the questions involved is as follows:

"This indenture made this the 13th day of June, in the year

of our Lord one thousand eight hundred and ninety-nine, between C. C. Moseley, party of the first part, and his son, J. L. Moseley, party of the second part, both of the State and County aforesaid, witnesseth: That the said C. C. Moseley, for and in consideration of the sum of five dollars cash in hand paid, the receipt whereof is hereby acknowledged, and for and in consideration of the natural love and affection which he has and bears to his said son J. L. Moseley, hath given, granted, and conveyed, and doth by these presents give, grant, and convey to the said J. L. Moseley, his said son, and the heirs of his said son's body only, two certain tracts of land [a description of the land follows]. To have and to hold the said tracts of land unto him, the said J. L. Moseley, his said son, and to the heirs of his body only, together with all the rights, privileges, members, and appurtenances to the same in any manner belonging, to his and their own proper use, benefit, and behoof forever. Should the said party of the second part, said J. L. Moseley, die childless, or without children surviving him, then all of the foregoing described tracts of land with all the rights, privileges, members, and appurtenances belonging thereto is to revert back immediately to the estate of the party of the first part, the said C. C. Moseley. In no event or contingency is said described property ever to become subject to any indebtedness whatever of the party of the second part, the said J. L. Moseley, and the heirs of his body, nor subject to dowry in case the said J. L. Moseley should die leaving a widow surviving him. In no event shall said described property be a home for such widow should one marry again. It being the sole intention and desire of the said party of the first part, the said C. C. Moseley, that said described property is deeded for the use, benefit, and behoof and enjoyment of the said party of the second part, the said J. L. Moseley, and the heirs of his body only."

J. L. Moseley had children living at the time of the execution of the deed, who are still living. The court rendered judgment in favor of the plaintiffs, and the defendants excepted.

In rendering judgment in this case, the court below was of the opinion, as shown by the judgment, that if the fee-simple title to these two tracts of land passed to J. L. Moseley alone, the plaintiffs were entitled to recover. And the plaintiffs in error do not take issue with the court as to this proposition, but insist that it

was the intention of the grantor to convey the property in dispute to J. L. Moseley "and his children," and that the grantee and his children in·esse at the time of the execution of the deed received an estate in common. But the court below held to the contrary, being of the opinion, as shown by the judgment rendered, that the instrument before him for consideration created "a defeasible fee· in J. L. Moseley, subject to be divested upon his death without children surviving him, but the existence or non-existence of children at his death is the contingency upon which the fee will become vested or divested." And the trial court held further, that the deed should not be construed to convey to the children of J. L. Moseley in the event he dies with children, but the fee will be divested in the event he dies childless.

We are of the opinion that the court properly construed the deed. In the granting clause, as we have seen, the grant is to "J. L. Moseley, his said son, and the heirs of his said son's body;" and this is followed by the description of the land; and in the tenendum clause is the following language: "To have and to hold the said tracts of land unto him, the said J. L. Moseley, his said son, and to the heirs of his body only, together with all the rights, privileges," etc., "to his and their own proper use," etc. Then follows the clause of the deed which divests the grantee of the estate in case he should die childless, the divesting clause containing the provision that the property "is to revert back immediately to the estate of" the grantor, C. C. Moseley. This is followed by the stipulation that in no event or contingency is the property conveyed to become subject to any indebtedness of the party of the second part, that is, J. L. Moseley, nor subject to dower; and the deed, except as to the formal parts, concludes with a statement of the intention of the donor, and he thus sets forth in words that intention: "It being the sole intention and desire of the said party of the first part, the said C. C. Moseley, that said described property is deeded for the use, benefit, and behoof and enjoyment of the said party of the second part, the said J. L. Moseley, and the heirs of his body only." Clearly such a deed conveyed a fee-simple title to J. L. Moseley, defeasible upon the happening of a stated contingency, that is, that the said J. L. Moseley ·died childless. And hence we conclude that the court properly construed

the deed, and the judgment in favor of the plaintiffs necessarily followed.          *Judgment affirmed.          All the Justices concur.*