## 29308. WILLIS *v*. WILLIS.

DECIDED MARCH 11, 1942.

*P. Z. Geer, B. C. Hays,* for plaintiff in error.

*Stapleton & Stapleton,* contra.

PER CURIAM. The only question in this case is whether a husband is disqualified to act as administrator of his wife's estate because he has deeded his interest in the estate to his minor children by deed of gift before the time of his application for the appointment. The contention of the caveator is that the husband must have an interest in the estate at the time of the application for the appointment. Assuming for the sake of argument that the husband had no interest of any kind which would of itself entitle him to the appointment, we can find no authority for the proposition that a husband or wife must have any interest, other than relationship, to qualify, if he or she be otherwise qualified. Under the Code, § 113-1202, the intention seems to be to give preference to the surviving spouse, irrespective of financial interest. There is no ambiguity in the language, and there is no justification for changing the unambiguous provision by judicial interpretation. If it had been intended that a husband or wife should be financially interested in the estate at the time of the application for letters of administration it would have been easy to include the requirement. The law must be applied as written. *Parker* v. *Batchelor,* 40 *Ga. App.* 669 (151 S. E. 118). The court did not err in charging the jury that the husband would be entitled to the appointment as administrator of his wife's estate, despite the fact that he had made a deed of gift to his minor children before he filed his application for the appointment, if he was otherwise qualified. The court did not err in overruling the caveator's motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

STEPHENS, P. J., dissenting. As stated in the opinion of the majority, the sole question in this case is, is a husband entitled

to appointment under the laws of Georgia, as administrator of his wife's estate, where, before making application therefor, the husband by deed of gift conveyed his interest in the estate to his children? While the right of a particular person to letters of administration on the estate of another is controlled by statute, ordinarily the right of administration follows the right to the estate. 21 Am. Jur. 407, citing *Bryan* v. *Rooks, 25 Ga.* 622, 624 (71 Am. D. 194). The determining consideration is the situation at the time of the application for administration, rather than the situation at the time of the intestate's death. Griffith v. Coleman, 62 Md. 250. "The right of administration, while a very valuable one, is not inherent, but statutory. It may be given or withheld in the wisdom of the legislature." Welsh v. Mainwaring, 120 Wis. 377, 378 (98 N. W. 214). However, where the persons who under statute have the right to administer have renounced or otherwise lost their right the court has considerable discretion in the appointment of the administrator. 23 C. J. 1034, 1035, note 87, citing *Alabama &c. R. Co.* v. *Hill, 139 Ga.* 224 (76 S. E. 1001).

While it is the almost universal rule that where it becomes necessary or proper to appoint an administrator of the estate of a deceased married woman her surviving husband is entitled to the appointment in preference to all other persons, and this is the rule in Georgia, the right of the husband may be lost where he has released to his minor children all of his interest in the estate; in which event he is not entitled to administer thereon. 23 C. J. 1035, note 97, citing Marshall v. Beall, 6 How. (47 U. S.) 70 (12 L. ed. 347); Ward v. Thompson, 6 Gill & J. (Md.) 349; Fowler v. Kell, 22 Miss. 68; Allen v. Humphreys, 8 Pro. Div. 16, (Eng.), and Dorsey v. Dorsey, 29 Ont. 475, affirmed, 30 Ont. 183. In the Humphreys case, cited above, the husband and wife were living apart at the time of her death. Pursuant to a deed of separation it was provided that all the property of which the wife was possessed should be for her separate use without any interference on the part of the husband, in like manner as if he were dead, and that in case of her death her property should go to those persons who would have been entitled thereto under the distribution statute if she had survived her husband. The husband contended that he was entitled to administer, in the absence of any allegation of unfitness. The father of the deceased applied for the grant of

administration, and contended that the husband was not entitled thereto because he had no interest in the estate. It was ruled that the probate court had a discretion in the matter, and that it did not appear that the appointment of the father would prejudice the husband. The husband was denied the appointment. See *Augusta & Summerville R. Co.* v. *Peacock,* 56 *Ga.* 146 (2); *Williams* v. *Williams,* 113 *Ga.* 1006 (39 S. E. 474); *Towner* v. *Griffin,* 115 *Ga.* 965 (42 S. E. 262); *Dierks* v. *Smith,* 119 *Ga.* 859 (47 S. E. 203).

In Marshall v. Beall, supra, there was an agreement by which the husband disposed of his interest in the wife's property before her death. To the same effect see Ward v. Thompson, 6 Gill & J. (Md.) 349. The court held that where the husband had entirely surrendered or abandoned his right to participate in the estate of his deceased wife he "therefore was not entitled to administer upon her estate." In Fowler v. Kell, 22 Miss. 68, it was held: "Upon the principle, that, all other things being equal, the person . . entitled to the largest distributive share of the deceased person's estate will be entitled to the administration thereof, the husband will generally have the right to administer upon his deceased wife's estate." The court cited Langan v. Bowman, 12 S. & M. 715. The court in the Fowler case continued: "The husband, it is true, is generally entitled to administration because of his right to the chattels, real and personal property of the wife [citing Clancy, 11], but if he be excluded from the right of property, it would seem to follow that he should be excluded from the right of administration." In Dorsey v. Dorsey, 30 Ont. 183, which was appealed to the divisional court of three justices from the decision of the chancellor (29 Ont. 475), the court affirmed the lower court and held: "A husband is beneficially entitled to a share in the personal property of his wife, on her decease, because of his marital relationship and right; and in the same way to share in her land. . . If he renounces this marital right . . the law can not replace him in the benefit out of which he has contracted himself. And where the husband has so renounced he is not entitled to administration of his wife's estate, for administration follows interest." In the note to 70 A. L. R. 1466 the question as to whether a person not beneficially interested in the estate, although next of kin, could administer the estate, is discussed pro and con with decisions from many jurisdictions. On page 1470 *Parker* v. *Batchelor,* 40 *Ga.*

*App.* 669 (151 S. E. 118), is cited as supporting the doctrine that under the Georgia statute the next of kin would not necessarily have to be beneficially interested in the estate.

In 35 A. L. R. 1511, the annotator cites Re Davis, 106 Cal. 453 (39 Pac. 756) for the proposition that where a widow contracted away her inheritable interest in her husband's property she was not entitled to administer on his estate. In the Davis case the court ruled as follows: "The wife contracted away her inheritable interest in her husband's property and with that right went the right to administer upon his estate." It would seem that, although the Georgia statute provides that the husband is entitled to administer on the wife's estate, this is predicated on his interest therein on her death intestate; that the right to administration follows the right to the estate, and therefore where the husband, before or after the death of his wife, surrenders this right to share in her estate he at the same time surrenders and abandons his preferred right under the statute to administer the estate. When the husband applied for the letters of administration he did not have an interest in the estate. After the wife's death he had parted with his interest in her estate.

For these reasons I dissent from the opinion of the majority which is to the effect that the husband is entitled as a matter of right to administer his wife's estate if he is otherwise qualified, even though after the wife's death he had abandoned or surrendered his interest therein before his application for appointment as administrator. Such a holding is out of harmony, in my opinion, with the law on this question in England and in this country. Our statute must be construed in the light of the common law on which it is based. See *Parker* v. *Batchelor,* 40 *Ga. App.* 669 (151 S. E. 118).