24208. REYNOLDS v. RACKLEY et al.

UNDERCOFLER, Justice. Herman Perry Reynolds, Jr. brought this action against Patricia J. Rackley individually. Thereafter Patricia J. Rackley was allowed to intervene as trustee for J. Frank Rackley, III, her son, and was also made a party defendant in that capacity. The suit sought to determine the ownership of certain property which is claimed by the parties under the will of Mrs. Julia C. Miller under the following provision: "I will and bequeath to my great-niece Barbara Reynolds (now Rackley) my property consisting of . . . [the] store on [the] corner of Liberty and Peace Streets. . . If Barbara Reynolds Rackley should die without leaving any child or that child should die I want Herman Perry Reynolds, Jr. to have the corner store. . ."

The agreed statement of fact shows that Mrs. Julia C. Miller died in 1932; that Barbara Reynolds Rackley died in 1956

and left surviving her an only child J. Frank Rackley, Jr. who died in 1965, and was survived by his wife Patricia J. Rackley and one child J. Frank Rackley III, the defendants herein. The only issue in this case is: What interest did Barbara Reynolds Rackley receive in said property under the foregoing devise? The trial court entered judgment in favor of the defendants and the appeal is from that judgment. *Held:*

"When a testator devises land to one in fee simple, and provides that, if the devisee should die without children, the estate will go to another, a defeasible fee with an executory limitation is created." *Johnson v. Johnson,* 213 Ga. 466, 470 (2) (99 SE2d 827); *Hill v. Terrell,* 123 Ga. 49, 58 (51 SE 81); *Curles v. Wade & Brimberry,* 151 Ga. 142 (106 SE 1); *Jenkins v. Shuften,* 206 Ga. 315 (57 SE2d 283); *Scranton-Lackawanna Trust Co. v. Bruen,* 206 Ga. 872 (59 SE2d 397); *McDonald v. Suarez,* 212 Ga. 360 (93 SE2d 16); and *Busbee v. Haley,* 220 Ga. 874 (2) (142 SE2d 786). "The defeasible fee is a present, possessory freehold estate of inheritance. It may endure forever, but may also be brought to an end by a stated event. It has the attributes of a fee interest, such as general inheritability, but is not a fee simple due to the fact that it may be defeased. The event may be the continuance or end of some situation, the happening or failure of happening of some occurrence, or the performance or non-performance of some condition." Agnor, Defeasible Fees, p. 12, quoted with approval in *McDonald v. Suarez,* 212 Ga. 360, 362 (2), supra.

Accordingly, under the devise herein Barbara Reynolds Rackley was vested with the fee in the subject property at the death of the testatrix in 1932 subject to being divested if she should die thereafter without leaving any child surviving her. When Barbara Reynolds Rackley died in 1956 leaving a child, J. Frank Rackley, Jr., surviving her, the estate was no longer subject to being divested and the executory devise to the plaintiff herein could not thereafter become effective. The trial court did not err in rendering judgment for the defendants.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1967—DECIDED SEPTEMBER 21, 1967.

*H. Cliff Hatcher,* for appellant.

*George W. Fryhofer,* for appellees.