### 25151. MOORE et al. v. MOORE.

FRANKUM, Justice. 1. "The effect of the Act adopting the present Code was to enact into one statute all the provisions embraced in the Code. *Central R. Co. v. State*, 104 Ga. 831 [31 SE 531, 42 LRA 518]. And in construing any section of the Code, we must treat it as a single statute forming one homogeneous and consistent body of laws, and each Code section is to be considered in explaining and elucidating every other part of the common system to which it belongs." *Barron v. Terrell*, 124 Ga. 1077, 1078 (53 SE 181). The foregoing rule, while applied in that case to the Code of 1895, is a broad general principle applicable to any system of laws enacted as a Code by a single Act of the legislature, and the principle has been applied on more than one occasion to the present Code of 1933. See *Huntsinger v. State*, 200 Ga. 127, 130 (36 SE2d 92), and the numerous cases cited therein.

2. Applying the foregoing principles to the provisions of the Code relating to descent and distribution and to the right to administer upon the estates of deceased persons, it is apparent that it was the general scheme and intent of the legislature in enacting those provisions of the Code codified as Chapter 113-12 that the right to obtain letters of administration is in the person or persons having an interest in the estate. *Leverett v. Dismukes*, 10 Ga. 98 (1); *Augusta & S. R. Co. v. Peacock*, 56 Ga. 146; *Williams v. Williams*, 113 Ga. 1006 (39 SE 474); *Dierks v. Smith*, 119 Ga. 859, 861 (47 SE 203). *Code* § 113-

1202 fixes the priority of those entitled to appointment and subparagraph 6 thereof clearly limits the right to select a disinterested person to be administrator to the person or persons having an interest in the estate. Appellants cite in support of their position that the widow, though disqualified to act as administratrix of the estate of her deceased spouse, may nevertheless select an administrator, the cases of *Headman v. Rose,* 63 Ga. 458; *Dawson v. Shave,* 162 Ga. 126 (132 SE 912); *Rivers v. Alsup,* 188 Ga. 75, 76 (2 SE2d 632), and *Willis v. Willis,* 66 Ga. App. 751 (19 SE2d 190). Each of the first three of these cases involves the application of a person to be appointed administrator or to select an administrator who definitely appears from the respective opinions to have had an interest in the estate involved. In the *Headman* case, the ruling in Division 6 relied upon by the appellant is clearly obiter dictum and it neither authorizes nor requires a ruling contrary to the ruling we here make. In *Dawson v. Shave,* supra, the holding was that the sister of the intestate, being one of the persons entitled to share in the estate, was entitled to letters of administration in preference to the person selected in writing by a majority of the children of the intestate's deceased sisters and brother, although such children constituted a majority both numerically and in point of interest in the estate. In the *Rivers* case the question at issue was whether the widow of an intestate, though not disqualified to serve as administratrix herself, might, if she desired, name a person in lieu of herself to serve. It was held that where the undisputed evidence showed that the selection of an administrator was made by the widow with the knowledge and approval of the ordinary and with his knowledge of the existence of other heirs of the deceased, who were the plaintiffs in that case, seeking to invalidate the appointment of the administrator and to cancel a deed made by the administrator, the letters of administration issued to him were not void. Again, it is apparent that the widow who selected the administrator had an interest in the estate. These cases, therefore, do not stand for the proposition that one not interested in the estate may nevertheless select an administrator. The case of *Willis v. Willis,* supra, seems to support the view of the appellant. However, it should be noted that the late Presiding Judge Stephens filed a vigorous and well-reasoned dissent in that case, citing many authorities, both from

Georgia and many other jurisdictions in the United States, England and Canada, which support the conclusion which we have reached. We, of course, are not bound by the rulings of the Court of Appeals, and we therefore have no hesitancy in disapproving the ruling of the majority of the judges in that case.

3. While not expressly enacted as an amendment to the Code, the Act approved February 15, 1952 (Ga. L. 1952, p. 288) and the Act approved March 17, 1959 (Ga. L. 1959, p. 299), amending it, became a part of the body of the law of this State relating to the right of persons to inherit from a deceased person. Those Acts are in *pari materia* with the other laws of this State on the same subject. Those Acts removed from among those persons interested in an estate as heirs of the deceased anyone who with malice aforethought, killed the deceased, and thus disqualify such a person from being entitled to select under the provisions of *Code* § 113-1202 (6) a disinterested person to be administrator of the estate of the person killed.

4. The power to enact such a law was undoubtedly in the General Assembly, inasmuch as "The power to provide rules of descent and distribution is in the General Assembly, and where they have provided a rule which is clear and unconditional, a court is not justified in reading into the law a condition or exception not reasonably deducible from the provisions of the statute." *Crumley v. Hall*, 202 Ga. 588, 591 (43 SE2d 646). See also to the same effect *Hagan v. Cone*, 21 Ga. App. 416, 417 (94 SE 602).

5. The constitutional attack on the provisions of the Acts above referred to is based upon the contention that a conviction of the crime of murder will automatically work a forfeiture of the right of the convicted person to inherit from the person killed. This, however, is not a proper construction of the Act, since it has been held by this court in the recent case of *Webb v. McDaniel*, 218 Ga. 366, 368 (127 SE2d 900) that "the record in a criminal prosecution is no bar to a subsequent civil action arising from the same occurrence, and is not competent evidence in the civil action." The record in a criminal case includes the indictment, the plea, the verdict of the jury, and the judgment or the sentence of the court. *Pippin v. State*, 172 Ga. 224 (1) (157 SE 185); *Bonner v. State*, 63 Ga. App. 464 (11 SE2d 431). It follows that the contention that

the statute in question is void as being in violation of Art. I, Sec. X, Par. I of the Constitution of the United States which prohibits passage of any bill of attainder or ex post facto law, or because it is a law impairing the obligations of a contract, or that it operates to deprive a murderer of his property without due process of law, or that that statute is in violation of the 14th Amendment to the Constitution of the United States of America which prohibits States from enforcing any law abridging the privileges or immunities of citizens or denying to citizens within its borders the equal protection of the laws and the contention that a conviction in such a case would work corruption of blood or forfeiture of property in violation of Art. I, Sec. II, Par. III of the Constitution of the State of Georgia are not meritorious. At the time of the death of the deceased in this case, the wife had no vested interest in his estate, upon which the constitutional prohibition against forfeiture could operate. Price v. Hitaffer, 164 Md. 505 (165 A 470). No question is presented in this appeal as to the validity and effect of the statute as it may be applied to property rights which have become fixed and vested in the person so killing prior to the killing. It follows that the trial court did not err in denying the appellants' motion for a summary judgment.

*Judgment affirmed. All the Justices concur. Duckworth, C. J., Almand, P. J., Grice, Nichols and Undercofler, JJ., concur in the judgment only.*

SUBMITTED APRIL 15, 1969—DECIDED MAY 22, 1969— REHEARING DENIED JUNE 12, 1969.

*Smith & Harrington, Will Ed Smith,* for appellants.
*Milton Harrison,* for appellee.