26839. MOORE v. MOORE.

Submitted November 8, 1971—Decided December 1, 1971—
Rehearing denied December 17, 1971.

*Will Ed Smith,* for appellant.

*Timothy K. Adams, Milton Harrison,* for appellee.

Grice, Justice. This review involves a contest between the wife of an insured and the administratrix of the estate of the mother of the insured over the proceeds of a group life insurance policy issued pursuant to the Federal Employees' Group Life Insurance Act of 1954 (5 USC § 8705).

Litigation began when Metropolitan Life Insurance Company filed in the Superior Court of Dodge County a complaint for interpleader against Mary W. Moore and Lillie L. Moore.

The complaint alleged in substance the following: that the plaintiff issued a policy of insurance on the life of John L. Moore, an employee of the United States now deceased; that Mary W. Moore was his wife and named beneficiary in the policy; that she killed the insured and was convicted of his murder; that Lillie L. Moore was the mother of the insured; that she claimed the proceeds of the policy by virtue of *Code Ann.* § 56-2506 (Ga. L. 1960, pp. 289, 687) because Mary W. Moore had forfeited her rights under the policy.

The complaint alleged further that the policy provided as

follows: "If at the death of the Employee, there be no designated Beneficiary as to all or any part of the insurance, then the amount of the insurance payable for which there is no designated Beneficiary shall be payable to the person or persons listed below surviving at the date of the Employee's death, in the following order of precedence: (1) To the widow or widower of the Employee; (2) If neither of the above, to the child or children of such Employee and descendents of deceased children by representation; (3) If none of the above, to the parents of such Employee or the survivor of them; . . .."

In view of these conflicting claims, the complaint prayed that the proceeds of the policy be paid into court and that the plaintiff be discharged. This was thereafter authorized to be done.

The answer of the defendant Lillie L. Moore alleged in substance that she was entitled to the proceeds of the policy since the wife Mary W. Moore, with malice aforethought, killed the insured; and that Lillie L. Moore was the sole surviving parent of the deceased.

The answer of the defendant Mary W. Moore stated in essential part the following: that she was entitled to the proceeds because she was designated as beneficiary of the policy and also because she is the widow of the insured as set forth in the complaint and by virtue of the applicable federal statute (5 USC § 8705), which provides for the same order of precedence of beneficiaries as the insurance policy; and that the claim of Lillie L. Moore as parent under *Code Ann.* § 56-2506, which attempts to forfeit the right of a beneficiary, is in conflict with the federal law and is unconstitutional for stated reasons not necessary to set forth here.

The defendant Mary W. Moore moved for summary judgment in her favor because of the alleged unconstitutionality of the Georgia statute referred to above and because of the alleged supremacy of federal law directing payment to her.

The defendant Lillie L. Moore died and her administratrix, Ollie B. Moore, was made a party in her stead.

It is agreed by the parties that the insured died without child or children.

Upon the hearing for summary judgment the defendant Mary W. Moore introduced in evidence the affidavit of an attorney at law for the plaintiff Metropolitan Life Insurance Company which recited that he was familiar with the records relating to the case; that they do not contain a designation of beneficiary; and that therefore the order of preference provision set forth in the policy is applicable here.

The trial court denied the motion for summary judgment. Certificate for immediate review was granted.

We have concluded that the denial of the motion for summary judgment was correct.

What is decisive here is that there exists throughout the United States a common law principle that one who has murdered an insured cannot thereafter claim the proceeds of the policy of insurance on his life. This principle pervades every issue under consideration.

"It is a well-settled rule that a beneficiary in a life insurance policy who murders or feloniously causes the death of the insured forfeits all rights which he may have in or under the policy. This rule is based upon public policy and upon the principle that no one shall be allowed to benefit from his own wrong. It is not necessary that there should be an express exception in the contract of insurance forbidding a recovery in favor of a beneficiary who intentionally kills the insured . . . Nor is it necessary, in order to defeat the rights of the beneficiary in such case, to show that the purpose was to obtain the proceeds of the policy; it is sufficient that the killing was the intentional and wrongful act of the beneficiary." 44 AmJur2d 653, Insurance, § 1741.

In our view this rule is applicable in both state and federal jurisdictions. Thus it does not matter whether state or federal law should be looked to.

For collections of cases following this principle see annotations in 44 AmJur2d 653, Insurance, § 1741, supra; 46 CJS 57, Insurance, § 1171; Vance on Insurance (3d Ed.) 717, § 117; 1A Appleman, Insurance Law and Practice 1, § 381 et

seq.; 4 Couch on Insurance 2d 695, § 27:148 et seq.

Perhaps the leading case on the subject is New York Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591, 600 (6 SC 877, 29 LE 997). There Justice Field speaking for the court said this: "It would be a reproach to the jurisprudence of the country, if one could recover insurance money payable on the death of a party whose life he had feloniously taken. As well might he recover insurance money upon a building that he had wilfully fired."

This common law principle applies here independently of *Code Ann.* § 56-2506, supra, which provides as follows: "No person who commits· murder or voluntary manslaughter, and no person who conspires with another to commit murder shall receive any benefits from any insurance policy on the life of the deceased even though the person so killing or conspiring be named beneficiary in such an insurance policy. A plea of guilty or a judicial finding of guilt, not reversed or otherwise set aside as to any of such crimes, shall be prima facie evidence of guilt in determining rights under this section. All right, interest, estate and. proceeds in such an insurance policy shall go to such other heirs of the deceased as may be entitled thereto by the laws of descent and distribution of this State, unless secondary beneficiaries be named in the policy, in which event such secondary beneficiaries shall take."

In view of the conclusion we have reached, it is unnecessary to rule upon the constitutional attacks made by the appellant upon this Georgia statute.

For the foregoing reasons the judgment is

*Affirmed. All the Justices concur.*