28045. MOORE et al. v. MOORE et al.

SUBMITTED JUNE 29, 1973 — DECIDED SEPTEMBER 20, 1973 —
REHEARING DENIED OCTOBER 11, 1973.

*Smith & Harrington, Will Ed Smith,* for appellants.
*Milton Harrison,* for appellees.

GRICE, Presiding Justice. The basic issue here is whether a grantee's interest in a deed was forfeited by a statute (Ga. L. 1959, pp. 299, 300; Code Ann. § 113-909) which denies the right of inheritance to one who kills another through malice. For related cases involving the same homicide, see *Moore v. Moore,* 225 Ga. 340 (168 SE2d 318); *Moore v. Moore,* 228 Ga. 489 (186 SE2d 531).

This issue is involved in litigation commenced in the Superior Court of Dodge County by Raymond Moore and others as sole heirs of John L. Moore against Mary W. Moore, Jennings Wright and James Alligood, Jr. The plaintiffs sought cancellation of a deed,

recovery of rents and general relief. The defendants demanded that certain deeds be declared valid and that the title to the property in question be decreed in the defendant Alligood. The answer of the defendants Mary W. Moore and Alligood asserted as its first defense that the complaint fails to state a claim against these defendants, or either of them, upon which relief can be granted. The answer also alleged that the forfeiture statute (Ga. L. 1959, pp. 299, 300; Code Ann. § 113-909) is not applicable and is unconstitutional because it violates constitutional provisions prohibiting a bill of attainder, depriving a person of due process of law, abridging privileges and immunities denying equal protection of law and forfeiture of estates.

The essential facts alleged in the pleadings are not in material conflict. They follow.

On May 29, 1964, John L. Moore conveyed the land in question to the defendant Mary W. Moore, who was then his wife. However, the deed recited as follows: "It is provided, nevertheless, that there is hereby expressly reserved unto the party of the first part, for and during his natural life, an undivided one-half interest in and to the property hereby conveyed; and provided, as well, should the party of the second part predecease the party of the first part, then, upon her death, all of the property and estates hereby granted and conveyed shall immediately revert to and vest in the party of the first part." Prior reference to this recital is made in the conveying clause and also subsequently in the habendum clause.

On July 24, 1967, the defendant Mary W. Moore killed her husband John L. Moore. The plaintiffs contend that it was with malice aforethought, and that consequently the land reverted to them by virtue of Ga. L. 1959, pp. 299, 300, supra. The defendants contend that it was justifiable homicide.

In September of 1967 the defendant Mary W. Moore executed and delivered to her son, the defendant Alligood, a deed purporting to convey the land to him. The plaintiffs insist that this deed is null and void and should be canceled as a cloud on the title. They also aver that the defendant Wright was in possession and that the defendants should account for the rents, vacate the premises and repair all damages sustained.

The defendants Mary W. Moore and Alligood moved, pursuant to Section 12 (c) of the Civil Practice Act (Ga. L. 1972, pp. 689, 692, 693; Code Ann. § 81A-112 (c)), for judgment in their favor on the ground that the pleadings show that the plaintiffs are not entitled to the relief sought in the complaint and that the defendants are

entitled to the relief sought by them in their answer, to wit: that the deeds from John L. Moore to Mary W. Moore and from Mary W. Moore to Alligood be declared valid and effective deeds, and that the title to the premises described in the complaint be decreed in the defendant Alligood.

Thereupon the trial court judge overruled and dismissed the first defense of the answer of the defendants Mary W. Moore and Alligood and their motion for judgment on the pleadings. He certified the judgment for immediate appellate review.

Enumerated as errors are (1) the trial court's overruling and dismissing the first defense of the answer of the appellants and their motion for judgment on the pleadings and (2) its failing to sustain and grant the said first defense and motion for judgment on the pleadings of the appellants.

Thus we determine here whether the interest of Mary W. Moore was divested when she allegedly with malice aforethought killed John L. Moore.

The statute around which this appeal revolves provides as follows: "The right of inheritance is hereby denied any person who shall, with malice aforethought, kill any other person, or who shall conspire with another to kill or who shall procure another to kill any such person. This denial to inherit shall include any property which the person so killing would otherwise have inherited, whether real, personal or mixed, or any part thereof, belonging to such deceased person at the time of death, or any property which the person so killing would take by deed, will, or otherwise, at the death of the deceased; and all right, interest, and estate in and to said property shall go to such other heirs as may be entitled thereto by the laws of descent and distribution, or by will, deed, or other conveyance duly executed by the deceased in his or her lifetime. For the purpose of determining the descent and distribution through such person so killing, he shall be treated as though he had predeceased the person so killed. No provision of this section shall apply to any such killing as may be done by accident or in self-defense." Ga. L. 1959, pp. 299, 300 (Code Ann. § 113-909).

▪ At the outset we are mindful that it is of decisive consequence whether Mary W. Moore had a vested interest in the property when she executed her deed to Alligood.

It is clear what interests were conveyed by the deed from John L. Moore to Mary W. Moore. He conveyed the property to her but reserved to himself a life estate in a one-half undivided interest. He also provided that if she should predecease him all of the

property would immediately revert to and vest in him.

Therefore, Mary W. Moore had a vested qualified or base fee, her title being defeasible on her dying before John L. Moore died. *Todd v. Williford,* 169 Ga. 543 (2) (150 SE 912). See also, *Davis v. Hollingsworth,* 113 Ga. 210 (1) (38 SE 827, 84 ASR 233); *Slappey v. Vining,* 150 Ga. 792 (105 SE 353); *Moseley v. Pattillo,* 162 Ga. 428 (134 SE 49); 31 CJS 29, Estates, § 10.

Her interest was contingent as to the event, not as to the person, and one which she could dispose of subject to the contingency. *Todd v. Williford,* 169 Ga. 543 (3), supra; 28 AmJur2d 103, Estates, § 26. She did so by her deed to Alligood.

In this situation, in order for John L. Moore to have any interest in the property, except his life estate as to a one-half interest, Mary W. Moore must have predeceased him.

■ We conclude that the statute relied upon by the appellees for a forfeiture (Ga. L. 1959, pp. 299, 300, supra) is not applicable here. For this reason it did not divest Mary W. Moore of her vested interest in this property. The obvious intent of the General Assembly was to prohibit a person who maliciously kills from taking property of the deceased. See *Moore v. Moore,* 225 Ga. 340, supra, (5 Justices concurring only in the judgment).

The language of the statute clearly shows its inapplicability to the facts here. The first sentence refers to "The right of inheritance . . ." which is denied where there is a malicious killing. The second sentence begins with and refers to "This denial to *inherit* . . ." (Emphasis supplied.) It says that it "shall include any property which the person so killing would otherwise have inherited, whether real, personal or mixed, or any part thereof, belonging to such deceased person at the time of death . . ." But Mary W. Moore *would not* inherit the property in the deed from John L. Moore to her. She *already had* a vested one-half undivided interest in the property with a remainder estate in the other one-half interest, subject to divesting only if she predeceased John L. Moore.

The second sentence immediately continues as to the property denied inheritance, declaring "or any property which the person so killing *would take* by deed, will or otherwise, *at the death of the deceased* . . ." (Emphasis supplied.) But again, she had *already taken* the property by the deed as a vested interest from John L. Moore. Thus she could not *take* any property by deed *at the death of the deceased.* John L. Moore's death merely caused his life estate to fall in.

The final portion of the second sentence then refers to the disposition of the *property which is denied inheritance,* reciting that "all right, interest, and estate in and to *said property* shall go to such other heirs as may be entitled thereto by the laws of descent and distribution, or by will, deed, or other conveyance duly executed by the deceased in his or her lifetime." (Emphasis supplied.)

The remaining two sentences are not germane to this appeal.

From the foregoing analysis it is clear that this statute is not applicable in a consideration of whether there was a forfeiture here. Mary W. Moore would not have *taken* the property by *deed* upon the *death* of John L. Moore. No contention is made that she would have acquired it by descent or by will.

However, the appellees argue that since the interest of Mary W. Moore was vested, subject to becoming divested upon the happening of an event, such event has happened by reason of her own wrongdoing; that in carrying out the purpose and intention of the statute in question the slayer must be treated as though she had predeceased the victim; and that consequently Mary W. Moore predeceased John L. Moore and the property and estates involved in the deed from him to her thereby reverted to and vested in John L. Moore's heirs.

This contention is not valid. This statute provides only that "for the purpose of determining the descent and distribution through such person so killing, he shall be treated as though he had predeceased the person so killed." No such determination is involved here, so the slayer is not to be treated as having predeceased the person slain.

■ Since we have herein held that the statute in question did not divest Mary W. Moore of her vested base or determinable fee in the property it is not necessary to rule upon the appellants' constitutional attack on it. See in this connection *Moore v. Moore,* 225 Ga. 340, supra. However, any other construction would render the statute unconstitutional under Art. I, Sec. II, Par. III of the Georgia Constitution (Code Ann. § 2-203).

*Judgment reversed. All the Justices concur, except Gunter, Jordan and Ingram, JJ., who dissent.*

GUNTER, Justice, dissenting. John L. Moore, during his lifetime, conveyed land to Mary W. Moore by a deed which provided that should Mary W. Moore predecease John L. Moore then "upon her death, all of the property and estates hereby granted and conveyed shall immediately revert to and vest in the party of the first part."

Subsequent to the execution and delivery of the deed, Mary W. Moore killed John L. Moore. The appellees here are the sole heirs at law of John L. Moore, and they contended in the trial court that pursuant to Code Ann. § 113-909 they, the appellees, are the successors in title to the land described in the deed from John L. Moore to Mary W. Moore, because Mary W. Moore did, with malice aforethought, kill John L. Moore.

The trial court held that the appellees' complaint below stated a claim, leaving a fact issue for determination in the trial court: whether the killing was "with malice aforethought" as alleged.

The appellants, with a certificate for immediate review, appealed.

The appellants have attacked the Georgia statute (Code Ann. § 113-909) as being unconstitutional on several grounds. This statute is not unconstitutional for any of the contended reasons.

The Georgia Constitution (Code Ann. § 2-203) says: "No conviction shall work . . . forfeiture of estate." The contention of the appellants in this case is that the deed from John L. Moore to Mary W. Moore vested in Mary W. Moore a base or qualified defeasible fee in the subject property and that the Georgia statute requires a forfeiture of that vested interest.

The argument of the appellants misinterprets both the statute and the provision of the Georgia Constitution. The Georgia Constitution provides that "a conviction" shall not work a forfeiture of an estate. The statute (Code Ann. § 113-909) merely provides that a person killing another person with malice aforethought can not take an interest in property from the person killed by the rules of statutory inheritance, or by will, or by deed, or otherwise. "Conviction" of a crime is not mentioned in the statute as a necessary element that will prohibit the taking of an interest in property under such circumstances.

In short, the statute does not say that "conviction for murder" shall work a forfeiture. In the case of *Webb v. McDaniel,* 218 Ga. 366 (127 SE2d 900), this court said that an acquittal for the crime of murder in a criminal case did not bar a civil action under the statute in which it might be proved that the party acquitted of murder still might be barred from inheriting from the deceased.

The thrust of the statute and the construction of the statute by this court is that a conviction for murder or an acquittal for murder will not bar a civil action against the party committing the homicide; the statute itself does not work a forfeiture or prohibit the party committing the homicide from taking by inheritance or

otherwise; the statute merely says that a forfeiture can be worked or the prohibition from taking by inheritance or otherwise can be effective if it can be proved in a civil action that the party committing the homicide did so "with malice aforethought." It is thus readily seen that it is not a "conviction" that works a forfeiture under the statute, and the statute is therefore a constitutional statute.

In this case Mary W. Moore, during the lifetime of John L. Moore, did not have a fee simple interest in the subject property. She merely had a base or qualified fee subject to being defeated if Mary W. Moore predeceased John L. Moore. The only way that Mary W. Moore could acquire a fee simple interest in the subject property was for John L. Moore to predecease her. If Mary W. Moore actually killed John L. Moore "with malice aforethought" as alleged, then she precipitated and caused the only event by which she could take a fee simple interest in the property described in the deed from John L. Moore to her.

In *Reynolds v. Rackley,* 223 Ga. 586 (157 SE2d 283), this court said: "The defeasible fee is a present, possessory freehold estate of inheritance. It may endure forever, but may also be brought to an end by a stated event. It has the attributes of a fee interest, such as general inheritability, but is not a fee simple due to the fact that it may be defeased. The event may be the continuance or end of some situation, the happening or failure of happening of some occurrence, or the performance or nonperformance of some condition."

If Mary W. Moore caused the homicide as alleged in this case, she, in legal contemplation of the statute, predeceased John L. Moore, and she therefore never took, or acquired, or became vested with a fee simple interest in the subject property which she and her successor in title are now claiming.

If the allegations of the appellees are true, I say that Mary W. Moore, because of the legal results imposed by this statute, predeceased John L. Moore, and because of this "legal predeceasing" she did not during her "legal lifetime" acquire fee simple title to the subject property, and she could not convey fee simple title to any successor in title to her.

I conclude that the Georgia statute did not work a forfeiture in this case; but even if the statute can be construed as providing for a forfeiture, it is not unconstitutional because the statute does not provide that "conviction" shall work a forfeiture; and the complaint of the appellees below stated a claim and raised an issue

that can and should be tried in the trial court.

I would affirm the judgment below.

I respectfully dissent. I am authorized to state that Justices Jordan and Ingram concur in this dissent.